TALIAFERRO, Judge.
The plaintiffs, several iin number, being the collateral heirs of Johñ (Sonnie) Bradford, • deceased, nearest' of kin, instituted this petitory action against J. C. Ducote to be recognized as owners and to be placed in possession of the following described property in Caddo Parish, Louisiana, to wit: “West half of Lot D of Rhoda Bradford Lands, Caddo Parish, Louisiana, as per map thereof recorded in Conveyance Book 100, page 146, a subdivision of Lot 1 of the Sam Perry Lands in Section 36, Township 21 North, Range 15 West, pf said Parish of Caddo, Containing 9.77 acrés.”
They allege that the property was acquired by John (Sonnie) Bradford in a partition with his brother, Ben J. Bradford, of the assets of the succession of their mother, Rhoda Bradford, deceased; that said John'(Sonnie) Bradford died intestate on June 3, 1948, leaving neither ascendants nor descendants; that said land is in the actual possession of Ducote, who.is without legal right or title thereto.
Defendant admits 'his possession of the property, but avers that he is the legal own-' er thereof. He admits that John (Sonnie) Bradford died on the date alleged, and that said land and other land was acquired by him in the partition with his said brother, as alleged. He avers, however, as the record discloses, that in said partition, John (Sonnie) Bradford acquired the whole of Lot “D” of the Rhoda Bradford’lands.
Defendant further alleged that by tax deed' dated October 14, 1933, filed October 26, 1933, the property described as “19.54 acres, Lot D, Rhoda Bradford Lands, Section Thirty-Six (36)., Township Twenty-One (21) North, Range Fifteen (15) West”, assessed to John Bradford, was sold and adjudicated by the tax collector of Caddo Parish for unpaid taxes of the year 1932, to Claudius M. Dickson.
It is further alleged that on September 24, 1938, said Dickson and John (Sonnie) Bradford- entered into an act of ratification and confirmation of the'said tax -sale wherein it is recited that as the period for redemption had' elapsed, Bradford desired to ratify, confirm and forever quiet the record title of the said Dickson in and to: ■ “Lot ‘D’ of the Rhoda Bradford Lands as per map in Conveyance Book 100, page 146, being a subdivision of Lot T of the Sam Perry Lands, containing 19.54 acres more or less, and situated in-Section Thirty-Six (36), Township (21) North, Range Fifteen (15) West, Caddo Parish, Louisiana.”
The said instrument,' it is alleged, further recites as follows :-
“Now Thereof, in consideration 'of the premises, and in consideration of the amount of Two Hundred dollars ($200.00), receipt of which is hereby acknowledged, together with other good and valuable considerations, John (Sonnie) Bradford' does by these presents ratify and confirm the record tax title of Claudius M. Dickson in and to the property described hereinabove, releasing and relinquishing unto Claudius M. Dickson any and all rights he has,-may have and/or might have had in and to the above described' lands.
“Furthermore, as an additional consideration for this act of ratification and confirmation of the aforesaid tax sale by John (Sonnie) Bradford, Claudius M. Dickson does by these presents -grant, bargain, sell, convey and deliver, without warranty of title unto John (Sonnie) Bradford, the fol-' lowing lands:
“West half of Lot ‘D’ of the Rhoda Bradford Lands, as per map iin conveyance-book 100, page 146, being a subdivision of lot l 'of ■ the ' same' Perry Lands, containing 9."77 acresi'more or less, and situated-in Section 36, Township 21 North, Range 15 West, Caddo Parish, Louisiana.
“To Have And To- Hold, -unto said purchaser, John (Sonnie) Bradford, his heirs and assigns forever.”
Defendant further alleged that as John (Sonniie) Bradford was married to Ruby Edwards at the, date of the instrument signed and executed by him and Dickson, the West-.One-Half (W%) of said Lot “D” conveyed to Bradford therein became an as-set of .the community between him and Ruby, and was inherited in whole by her at his death.
It is additionally .alleged that by ex parte judgment of the First District Court of *66 Caddo Parish, on .September 14, 1948, Rhoda Edwards Bradford, also known as Ruby Edwards Bradford, was recognized as the surviving spouse in community of John (Sonnie) Bradford, and decreed to be the owner of said West One-Half (W%) of Lot “D” of the Rhoda Bradford lands.
It is also alleged, as is true, tht the defendant on September 14, 1948, by'warranty deed, purchased from said Ruby Edwards Bradford the land described in said judgment. ;
Defendant, in the alternative, in event plaintiff should prevail herein, pleads that on May S, 1948, John (Sonnie) Bradford, executed-to Charles E. Westbrook a mortgage on said property for $750; that on August 30j 1948, said Westbrook filed suit to foreclose said mortgage and that he, defendant, after he had purchased the land, as part of the purchase price 'of the sale to him, paid to said Westbrook the full amount of the mortgage and thereby “became legally subrogated 'for said amount against the succession”,- etc.
Defendant sought to call Ruby Edwards Bradford in warranty, but as she was' then a nonresident of the state, the effort was abortive. He prayed that in the event plaintiffs should recover the land that he have, in reconvention, judgment against the succession of John (Sonnie) Bradford and against the petitioners for $750 “as the amount of the claims for which he is legally subrogated against the succession of John (Sonnie) Bradford and those succeeding to the rights and liabilities thereof.”
There was judgment in plaintiffs’ favor, recognizing their ownership of the described property, as follows, to- wit :
An undivided one-seventh (1/7) each in Pierce Bradford, Ben J. - Bradford, Jr., George Bradford, Ruby Bradford, Cleme-tee Bradford Hamilton and Jessie Lee Cooks, and-one-twenty-first (1/21) each in Charlie Bradford, Cornelius Bradford, Jr. and Lucille Bradford.
Defendant was given .judgment in récon-ventioñ against the plaintiffs, in proportion to their respective interest in the property, for $750 “with subrogation to the rights of Charles E. Westbrook, mortgagee”, etc. Defendant appealed.
Answering the appeal, the plaintiffs pray that the judgment be affirmed insofar as it recognizes them to own the property in dispute, but in other respects, it be reversed.
The alleged facts are not in question. Questions of law only are at issue.
The land involved in this suit, it is without question, became the separate property of John (Sonnie) Bradford through and by the act of partition with his brother they being the sole heirs of their mother, Rhoda Bradford. The primary question tendered by this suit is whether that character of the property underwent a transition as a result of the combined effect of the tax sale to Dickson, the reputed confirmation thereof by Bradford and the transfer to him by Dickson of the West Half (W%) of the Lot “D”, whereby'it acquired the character of community property and lost that of being the separate estate of Bradford. The defendant' asserts the affirmative of the proposition, whereas the plaintiffs espouse the negative of lit. The plaintiffs contend that said instrument, in effect, was either an exchange or a redemption of the tax sale.
The lower court gave well written reasons for its judgment. It construed the instrument signed by Bradford and Dickson to be an exchange. Inter alia, it said:
“The first question to be. decided is whether or not this property fell into' the community as a result of the transaction between Claudius M. Dickson and John (Son-nie) Bradford wherein each party acquired one-half of the property previously sold to Dickson at tax sale. It is our opinion that the property did not fall into the community but reverted back to the separate estate of John (Sonnie) Bradford. We think that this instrument does not amount to a redemption by Bradford of one-half of his property, but is more in the nature of an exchange. Dickson apparently thought that Bradford still had an interest in all of Lot ‘D’ of the Rhoda Bradford Lands, for he was willing to give Bradford back one-half of the property in order to acquire a good *67 title to the other half. It appears to us that Bradford exchanged whatever right -hé might have had to the entire property for one-half of the property, and whatever right Bradford gave up and relinquished to the property, was a right belonging to his separate estate. Therefore, as was held in Kittredge v. Grau, 158 La. 154, 103 So. 723, 729, the West Half of Lot ‘D’ belonged to the separate estate of John (Sonnie) Bradford when Bradford reacquired it from Claudius M. Dickson. In the above cited opinion our Supreme Court said:
“ ‘It is true the five decisions cited in the original opinion handed down in this case— and there are others to the same effect— maintain that article 2402 of the Civil Code does not apply to contracts of exchange of real estate. Property so acquired during marriage, in the name of either spouse, is substituted for the property given in exchange for it, and has the same status or ownership. If the property given was community property, so is the property received in exchange for it community property; and, if the property given belonged to the separate estate of the party in whose name it is given, so is the property received in the exchange his or her separate property.’ ”
We are disposed not to disagree with the conclusions of the lower court on this question of law. If not an exchange, though not pleaded or urged, we see in the instrument, when construed together with all the attending circumstances, great likeness to a transaction or a compromise. Civ7 il Code, Art. 3071. If held to have the effect of such, the ultimate result would be the same. The separate character of that part of the lot awarded to Bradford would be restored.
True it is, as argued, the period to redeem the tax sale had expired, but the period (five years) in which the tax sale could be attacked for infirmities because of- noncompliance by officials with legal requirements anteceding and attending the sale, had not expired. All the while Bradford held possession of the property. It is obvious to us that he considered he still had substantial rights in and to the land, -and that Dickson (who had died prior to the suit being filed) was not certain of the validity of the tax sale to him:—so much so, .that he was not only willing to divide the land with Bradford, but; in addition, was willing to and did pay him $200 in cash to have his own title, made valid.' Apparently, the hope of each party to gain was balanced by the danger of losing. In such circumstances the law has wisely provided the manner and method whereby the difference may be composed, once and for all.
The plaintiffs, by and through their action in alleging themselves to be the sole legal heirs of John (Sonnie) Bradford, deceased, and as such having sued to recover an asset of his succession, thereby unconditionally accepted his succession and became jointly liable for the debts and obligations thereof. Civil Code, Articles 988, 1013, 1423. Griffing v. Taft, 151 La. 442, 91 So. 832.
Appellees argue that as Ducote was not a creditor of Bradford or his succession, he could not be legally subrogated to the mortgage rights of Westbrook by paying off (as part of the purchase price) the mortgage against the land. They base their position in this respect upon paragraph 1 of Article 2161 of the Civil Code, which reads:
“Subrogation takes place of right:
“For the benefit of him who, being himself a creditor, pays another creditor, whose claim is preferable to his by reason of his privileges or mortgages.”
That part of the article has no application to the facts of this case because, as argued, by the appellees, appellant was not a creditor of the deceased or of his succession. But paragraph 2 of the Article fits precisely this case. It reads:
“Subrogation takes place of right:
* * * * 4= *
“For the benefit of the purchaser of any immovable property, who employs the price of his purchase in paying the creditors, to whom this property was mortgaged.”
There are many cases in our jurisprudence that uphold • and enforce this paragraph 2 as written,- among them being:
*68 Pugh v. Sample, 123 La. 791, 49 So. 526; In re Union Central Life Insurance Company, 208 La. 253, 23 So.2d 63.
For the reasons herein assigned, the judgment from which appealed-.is affirmed, with costs, and accordingly, the plaintiffs named herein, in the proportion fixed by the lower court, are recognized as the owners of the land involved herein, to wit: “West. half of Lot D of Rhoda Bradford Lands, Caddo Parish, Louisiana, as per map thereof recorded in Conveyance Book 100, page 146, a subdivision of Lot 1 of the Sam Perry Lands, in -Section 36, Township 21 North, Range 15 West, of said' Parish of Caddo, Containing 9.77 acres.”
Defendant is cast for all costs.