GLADNEY, Judge.
Carrie Holland Edwards, on March 2, 1961, instituted this, a petitory action, praying to be declared the owner through inheritance of an undivided interest in certain immovable property situated in Caddo> Parish, Louisiana, formerly owned by her paternal grandparents, Simon Holland, Sr. and Sarah Davis Holland. Made defendants are Lucille Page, Emma Brown Smith, Winifred Wendt, and Douglas Brayboy. The petitioner attacks the judgments of possession rendered in the Succession of Simon Holland, Sr., and Sarah Davis Holland, praying that these judgments be declared null and void and also that the deeds purporting to convey property to the defendants should be declared null and void insofar as such deeds affect the interest of the petitioner. Issue was joined by the defendants, each denying the validity of petitioner’s claim, and coupling their defense with pleas of prescription based on LSA-C.C. Art. 3479, LSA-R.S. 9:5682, and LSA-C.C. Art. 1030. After trial, judgment was rendered in favor of the defendants on the merits of the case, rejecting the demands of Carrie Holland Edwards at her cost. The court also sustained the pleas of prescription as urged under LSA-C.C. Art. 1030, and LSA-R.S. 9:5682. The plaintiff has appealed from the judgment rendered.
Simon Holland, Sr., died intestate on October 24, 1919, and a judgment in connection with his succession was rendered *422 on February 6, 1920, which recognized Sarah Davis Holland as his surviving widow in community, and Cora Lee Holland and Samuel Brayboy as his sole heirs. The judgment placed these parties in possession. On December 26, 1943, Sarah Davis Holland died intestate. Five years later on December 3, 1948, there was filed a probate proceeding styled “Successions of Simon Holland and Sarah Davis Holland” which resulted in a judgment of possession recognizing Cora Lee Holland Brockett and Samuel Brayboy as the sole heirs of Simon and Sarah Holland. We are not informed as to why the succession of Simon Holland, Sr. was reopened at this time, and we are left to speculate as to whether or not there was any particular reason for this action.
The plaintiff, Carrie Holland Edwards, professes to be the child and sole issue of Simon Holland, Jr. and this fact appears reasonably well established by the record. However, one of the primary issues determined upon the trial of the case relates to the heirship of Simon Holland, Jr., it being denied that he was a child born in wedlock of the marriage of Simon Holland, Sr. and Sarah Davis Holland.
Counsel for appellant endeavored to prove that the status of Simon Holland, Jr. was that of a lawful heir by tendering a number of witnesses to prove that appellant’s father was constantly considered as a child born during the marriage, and for this purpose presented her own testimony and that of Hazel Bennett, a niece of Simon Holland, Sr. Others who testified were the Rev. S. D. Mason, a nephew of Simon Holland, Sr., Peter Burks, a former neighbor of Simon Holland, Sr., and Sarah Davis Holland, and Addie Johnson.
Carrie Holland Edwards, who was approximately seventy-one years of age at the time of the trial, testified that she knew her grandmother well and was at her bedside when she died, and that Sarah knew she was her grandchild, but did not “honor” her enough to see that she received a share of the property like the others; further, she said Cora Lee Holland Brockett and Sammy Brayboy permitted her to live on the property about a year without paying rent. Hazel Bennett also testified plaintiff knew her grandmother well and was at her bedside when she died and recalls that the plaintiff addressed Cora Lee Holland Brockett and Samuel Brayboy as “aunt” and “cousin”, respectively. The Rev. S. D. Mason testified that Simon Holland, Jr., was the son of Simon and Sarah Holland. Peter Burks, another witness, called by the plaintiff, testified that he knew Simon and Sarah Holland at the time they lived on the Robson plantation and that he knew an individual named Simon, but that he was not Sarah Davis Holland’s son. He could not state who was young Simon’s mother. Addie Johnson testified Sarah had but one boy, and that his name was Sammy.
The defendants produced and offered for filing an elaborately bound Bible, which includes some entries of family status. The book was held admissible by the court for the purpose of establishing the family relationship in the absence of other birth or baptism records. The Bible contains pages for inscribing the names of family births, deaths, and marriages, and contains entries, some of which were entered in a fine Spencerian hand. The entries state that Simon Holland, Sr. and Sarah Davis Holland were married in 1874, and a number of children’s names of said marriage are recorded, but none gives the name of Simon Holland, Jr., nor is there mentioned the name of plaintiff, Carrie Holland Edwards. Stella Brayboy, the wife of Sammy Brayboy, testified that she and her husband had lived with Simon Holland, Sr. and Sarah for a period; that Simon Holland, Sr. had been a preacher and used to look at this Bible frequently. She stated Simon Holland, Sr. told her he had made the entries in the book himself. However, with respect to this testimony, we observe that the entries do not appear to have been written by the same person. From our examination, we think it likely that the Bible was published after 1880, as may be inferred from entries made in the publication. *423 An additional exhibit offered is that of a census record as of June 1, 1880, which lists Simon among the children of Simon and Sarah as a seventeen year old son. The death certificate of Sarah Holland discloses that she died on December 26, 1943. The same record gives the birthdate of Sarah Davis Holland as August S, 1859. If we endeavor to reconcile the entries of both records, it would appear that Simon Holland, Jr. was born in 1863, and at that time according to the death certificate of Sarah Holland, she was only four years old, and therefore, Simon could not have been a child born of the marriage between Simon and Sarah Holland.
Defendants contend that certain other facts show Simon Holland, Jr. was not a lawful child of Sarah Holland and Simon Holland, Sr. It is pointed out that Simon Holland, Jr. was not recognized as a child in either of the two succession proceedings of Simon Holland, Sr. and Sarah Davis Holland. Sarah Davis Holland and Cora Lee Holland on October 26, 1925, executed an affidavit of heirship of Simon Holland, Sr., declaring that four children were born as issue of his marriage and these were Cora Lee Holland, Corine Holland Bray-boy, Leanna Holland and Sammy Holland; that the last two mentioned died during infancy and that Cora Lee Holland and Sammy Brayboy were the sole and only heirs at that time of Simon Holland, Sr. The affidavit makes no mention of Simon Holland, Jr.
It is earnestly contended by appellant that she has established the fact that her father, Simon Holland, Jr., was a lawful child of the marriage of Simon Holland, Sr. and Sarah Davis Holland. In this respect it is argued on behalf of appellees that plaintiff has not sustained the burden of proof as to heirship required of her in this case.
The filiation of legitimate children may be proved by a transcript from the register of birth or baptism, kept agreeably to law or according to the usages of the country, and if such records are lost or not in existence, proof will be satisfactory if it shows that the child has been constantly considered as a child born during marriage. LSA-C.C. Arts. 193 and 194. It is further provided that proof as a child born during marriage may be demonstrated where “such individual has always been called by the surname of the father from whom he pretends to be born; That the father treated him as his child, and that he provided as such for his education, maintenance and settlement in life; That he has constantly been acknowledged as such in the world; That he has been acknowledged as such within the family.” LSA-C.C. Art. 195.
We find that appellant has not established proof in this respect. Of special significance, we think, is the fact that on two occasions, first, when the succession of Simon Holland, Sr. was opened in 1920, and second, when she executed an affidavit in 1925, Sarah Davis Holland failed to acknowledge the status of Simon Holland, Jr. as a child born of her marriage with Simon Holland, Sr. We, therefore, find no error in the judgment rendered in favor .of the defendants on the merit of appellant’s claims.
It is earnestly urged by appellees that the plea of prescription as provided under LSA-C.C. Art. 1030, providing:
“The faculty of accepting or renouncing a succession becomes barred by the lapse of time required for the longest prescription of the rights to immovables,”
has application as to any asserted rights of the plaintiff to the succession of her grandfather.
“It is the firmly established jurisprudence that forced heirs do not lose by prescription their right of inheritance in failing to accept the succession within thirty years because, if they have not renounced it, they are presumed to have accepted it. Le mort saisit le vif.” Dileo v. Dileo, 217 la. *424 103, 46 So.2d S3, 56 (1950). (Citing cases).
Forasmuch as plaintiff, if entitled to inherit, would be a forced heir, LSA-C.C. Art. 1030 is inapplicable, and the decision of the trial court maintaining the plea of prescription based on this provision of the Civil Code is in error, and the judgment in this respect is hereby overruled.
The defendant, Lucille Page, strongly relies on the prescription provided by LSA-C.C. Art. 3474, the relative facts concerning which are: Lucille Page acquired Lot 57 of the Holland Subdivision, Unit 2, on December 29, 1948, from Cora Lee Holland Brockett and Samuel Brayboy. Exceptor produced testimony to the effect that beginning in 1948, shortly after she purchased the property, she engaged her brother, Arthur Kellum, to keep the grass on the lot cut and cleaned up, and to do whatever was necessary for drainage, and the property was maintained in this condition until the death of Kellum, in 1958. Green Whitaker, who lived close by the property, testified he often saw Kellum working on defendant’s lot after 1950 or 1951, and occasionally Whitaker helped in cleaning the lot and cutting the grass, for which he was paid. This witness also testified that at Kellum’s request he dug a ditch on the property for which he was paid. The uncon-troverted testimony of Lucille Page also shows that she has consistently paid taxes on said property since such acquisition. In our opinion, the evidence meets the requirements of LSA-C.C. Art. 3487, and the ten year prescription of LSA-C.C. Art. 3474 should be sustained.
The defendants, Emma Brown Smith and Winifred Wendt acquired their property during the years 1952 and 1960, respectively. These parties have plead the ten year prescription provided by Act 584 of 1960, LSA-R.S. 9:5682. It is urged by the defendants that their prescription began to run from the registry in the conveyance records of the succession proceedings and is not restricted to the date of their acquisitive title, as contended for by appellant. The statute, LSA-R.S. 9:5682 provides:
“Section 1. An action by a person who is an heir or legatee of a deceased person, and who has not been recognized as such in the judgment of possession rendered in the succession of the deceased by a court of competent jurisdiction, to assert any right, title, or interest in any of the property formerly owned by the deceased against a third person who has acquired this property from or through a person recognized as an heir or legatee of the deceased in this judgment of possession, is prescribed in ten years if the third person, or his ancestors in title, singly or collectively, have been in continuous, uninterrupted, peaceable, public, and unequivocal possession of the property for such period after the registry of the judgment of possession in the conveyance records of the parish where the property is situated.
“As used herein, ‘third person’ means a person other than one recognized as an heir or legatee of the deceased in the judgment of possession.”
In our opinion, the ten year prescription is predicated on the nature of the possession prescribed in the statute, but does not antedate actual possession of the property by the owner and his or her ancestors in title, considered either singly or collectively. Here, the defendants have not shown that they or their ancestors in title have enjoyed the type of possession described by the statute for a period of ten years. Accordingly, the judgment insofar as it maintained these pleas of prescription based upon LSA-R.S. 9:5682, must be reversed.
We find ourselves in accord with the ruling of the trial court in rejecting the demands of plaintiff, after a trial on the merits of the case, in that plaintiff has failed to establish to a legal certainty the heirship of her father, Simon Holland, Jr. Accordingly, the judgment from which appealed is affirmed on the merits insofar as *425 it rejects the demands of plaintiff. There should be judgment, recognizing the defendant, Lucille Page to be the lawful owner thereof, and as such, entitled to be maintained in possession of Lot 57 of Holland Subdivision, Unit 2, as per deed recorded in Conveyance records of Caddo Parish, Louisiana, Book 587, page 69.
It is further ordered that Emma Brown Smith be recognized as the lawful owner of, and as such be maintained in possession of the South One-Half (S Y) of Lots Fifty-Eight (58), Fifty-Nine (59), and Sixty (60) of the Holland Subdivision, Unit 2, as per deed dated March 10, 1953, recorded in Conveyance book 686, page 631, of the records of Caddo Parish, Louisiana.
It is further ordered that the defendant, Winifred Wendt, be recognized as the lawful owner of the North One-Half (N J4) of Lots Fifty-Eight (58), Fifty-Nine (59) and Sixty (60) of Holland Subdivision, Unit 2, as per deed recorded in the Conveyance records of Caddo Parish, Louisiana, Book 916, page 368.
Plaintiff’s demands are dismissed at her cost.