HARDY, Judge.
This is a petitory action in which plaintiff prays to be recognized as the owner of an undivided five-sixths interest in a tract of land, located in Bossier Parish, by inheritance from his grandfather and grandmother. From judgment in favor of plaintiff defendant has appealed.
Plaintiff’s petition alleged deraignment of title and the line of descent upon which he based his claim of ownership, and further alleged defendant’s ownership, by inheritance, of the remaining undivided one-sixth interest in the property. In addition to recognition of his interest as claimed, plaintiff prayed' that the judgment rendered in probate proceedings before the Twenty-Sixth Judicial District Court in and for Bossier Parish in the matter of the Succession of Cicero J. Jackson be decreed null and void, and that the judgment in the probate proceedings before the same court in the matter of the Succession of Sarah Burks Jackson be decreed null and void insofar as it recognized Annie Burks as entitled to possession of property formerly belonging to Cicero J. Jackson and insofar as it failed to recognize petitioner as a forced heir of Sarah Burks Jackson. Finally, petitioner prayed for judgment ordering defendant to account for all fruits and revenues received from the property involved since date of July 2, 1962. The judgment rendered granted plaintiff the full relief as prayed.
In answer to plaintiff’s petition defendant generally denied the material allegations thereof, and, assuming the position of plain *910 tiff in reconvention, asserted that in the event there should be judgment annulling the probate proceedings above noted, the Successions of Cicero J. and Sarah Burks Jackson should be opened for the purpose of administration, and that defendant should be appointed Administratrix or confirmed as Executrix. Additionally, a plea of prescription of ten years under LSA-R.S. 9:5682 was asserted by defendant.
Before this court counsel for defendant specifies error on the part of the district judge in overruling the plea of prescription; in annulling the probate judgments and sending plaintiff into possession without an administration of the estates, and in dismissing the reconventional demand for administration. However, counsel has limited his argument to a discussion of the plea of prescription.
The statute relied upon as the basis for the plea of prescription, LSA-R.S. 9:5682, reads as follows:
“An action by a person who is an heir or legatee of a deceased person, and who has not been recognized as such in the judgment of possession rendered in the succession of the deceased by a court of competent jurisdiction, to assert any right, title, or interest in any of the property formerly owned by the deceased against a third person who has acquired this property from or through a person recognized as an heir or legatee of the deceased in this judgment of possession, is prescribed in ten years if the third person, or his ancestors in title, singly or collectively, have been in continuous, uninterrupted, peaceable, public, and unequivocal possession of the property for such period after the registry of the judgment of possession in the conveyance records of the parish where the property is situated.
“As used herein, ‘third person’ means a person other than one recognized as an heir or legatee of the deceased in the judgment of possession.”
 The nature and character of the possession required is clearly defined as “ * * * continuous, uninterrupted, peaceable, public, and unequivocal * * The evidence in the record before us does not establish these elements of possession. Defendant failed to prove that she or her ancestors in title enjoyed the character of possession required by the statute for a period of ten years. The statutory prescription must be based upon the kind of possession which it requires, and it does not antedate actual possession of the property by the owner or his ancestor in title; Edwards v. Smith (2d Cir.,1962, writs denied), 147 So. 2d 420.
The judgment in the Succession of Cicero J. Jackson was rendered in 1949, but the evidence fails to show that Sarah Burks Jackson ever lived on the property, went into actual possession thereof, or in any degree exercised the character of possession, required by the statute.
Since our conclusion as above delineated is adequate to dispose of the plea of prescription, we pretermit consideration of the contention urged by plaintiff that the defendant is not a “third person” within the provision of the statute.
We further conclude that the district judge was free from error in his rejection of defendants’ prayer for administration of the decedents’ estates. The testimony as to debts is too vague and uncertain to be accepted. In any event, by his institution of this action, plaintiff must be considered as having accepted the successions, and, subsequently, has assumed responsibility for any proveable debts.
Finding no error in the judgment appealed from the same is affirmed. In compliance with the requirements for the description of real property in the judgment of a court:
It is ordered, adjudged and decreed that there be judgment recognizing plaintiff, B. W. Jackson, as the owner of an undivided five-sixths interest, and the defend *911 ant, Annie Burks, as the owner of an undivided one-sixth interest in and to that certain tract of land described as:
The West One-Half of the Southeast Quarter of the Northwest Quarter (W ½ of SE ¼ NW ¼) and two acres in a square in the Southeast corner of the Northwest Quarter of the Northwest Quarter (NW^4 of the NWj4)j all in Section 1, Township 16 North, Range 11 West, Bossier Parish, Louisiana, containing 22 acres, more or less.
It is further ordered, adjudged and decreed that the judgment appealed from be and it is hereby affirmed at appellant’s cost.