618 So.2d 992 (1993)
Sebell E. Chase JONES,
v.
McDONALD'S CORPORATION, and City of Baton Rouge and Parish of East Baton Rouge (City-Parish Government).
No. 92 CA 0587.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
*993 Johnnie A. Jones, Sr., Baton Rouge, for plaintiff-appellant Sebell E. Chase Jones.
Eilliam T. Lowrey, Jr., Baton Rouge, Conrad Meyer, III, New Orleans, for defendant-appellee City of Baton Rouge and Parish of East Baton Rouge, McDonald's Corp.
Before CARTER, LeBLANC and PITCHER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment sustaining defendants' exception raising the objection of no right of action and dismissing plaintiff's suit, with prejudice, at her costs.

*994 BACKGROUND

This suit involves certain immovable property located in the Parish of East Baton Rouge, more specifically, lots K and L situated in Hastings Heights subdivision in Baton Rouge.
On June 29, 1953, plaintiff, Sebell Chase Jones, acquired lots K and L pursuant to cash sales with assumption. She acquired lot K from Gladys B. White. Lot L was acquired from Christine B. Jordan. On August 24, 1953, plaintiff sold both lots to her father, Leroy B. Chase, Sr. The public records indicate that Leroy B. Chase, Sr. is the present owner of lots K and L.
In her petition, plaintiff alleged that when she purchased the lots in Hastings Heights in 1953, the subdivision was subject to a strictly residential zoning law. However, on June 24, 1987, the council for the City of Baton Rouge/Parish of East Baton Rouge ("City-Parish") adopted Resolution 26375, which waived the zoning ordinance and permitted McDonald's Corporation ("McDonald's") to use Helene Street, an unused, unpaved public street, as a parking area and private access road to its restaurant, pending its purchase of the street.
On August 12, 1987, following the requisite notices and a public hearing, the City-Parish adopted Ordinance 8469 authorizing the City-Parish to accept McDonald's offer to purchase the Helene Street property, which is adjacent to lot K in Hastings Heights subdivision.

FACTS
On June 23, 1988, plaintiff, Sebell Jones, claiming to be the owner of lots K and L in Hastings Heights, filed a suit for damages against McDonald's and the City-Parish. Although plaintiff had made no prior objection to the sale of Helene Street to McDonald's, she contended that the actions of the City-Parish in transferring the roadway to McDonald's for its exclusive and private use implied that the street was no longer needed for public purposes and effected an abandonment and/or revocation of the 1951 dedication of Helene Street as a public roadway.
Plaintiff further alleged that the City-Parish acted arbitrarily and capriciously in disregarding the relationship between Helene Street and the subdivision's road system in the sale of the property to McDonald's. Plaintiff claimed that the following damages resulted from the sale: (1) diminution in residential property value; (2) loss of her ownership in an undivided one-half interest or to the naked ownership from Lot K to the middle of Helene Street; (3) mental anguish and humiliation due to the loss of use and conversion of Helene Street; (4) violation of her reversionary rights under LSA-R.S. 48:701, 48:714, and 9:2981; and (5) creation of a nuisance in violation of her rights of neighborhood under LSA-C.C. arts. 667, 668, 669, and 2315.
Defendants answered plaintiff's petition and subsequently filed motions for summary judgment and a peremptory exception raising the objections of no right of action and prescription. Defendants contended that plaintiff sold her interest in lots K and L on August 24, 1953. Therefore, she was not the owner of the subject property and had no right to seek damages from defendants.
Following a hearing on April 6, 1990, the trial court rendered judgment on April 7, 1990, sustaining defendants' exception raising the objection of no right of action. Plaintiff's suit was then dismissed without prejudice. The court made no rulings on the motions for summary judgment or the objection of prescription.
On March 28, 1991, plaintiff filed a second suit naming McDonald's and the City-Parish as defendants and setting forth the same basic allegations as in her first petition. Attached to plaintiff's petition was a counter letter, allegedly indicating that plaintiff is the true owner of the subject property. The following documents were also attached to the petition: (1) marriage license of Leroy B. Chase, Sr. and Bythelda George (plaintiff's parents); (2) birth certificate of Sebell Chase (plaintiff); (3) birth certificate of Leroy B. Chase, Jr. (plaintiff's brother); (4) death certificate of Leroy B. Chase, Sr.; (5) death certificate of Bythelda *995 George Chase; and (6) death certificate of Leroy B. Chase, Jr.
Defendants filed a dilatory exception raising the objections of vagueness and lack of procedural capacity and a peremptory exception raising the objections of no right of action and prescription. Again, defendants contended that plaintiff did not own the subject lots in Hastings Heights subdivision and had no right of action against defendants.
After a hearing on September 20, 1991, the court sustained defendants' exception raising the objection of no right of action. However, the trial court did not rule on the objections of vagueness, lack of procedural capacity, or prescription. Plaintiff's suit was then dismissed, with prejudice, and plaintiff was assessed with all costs.
From this adverse judgment, plaintiff appeals, assigning two specifications of error as follows:[1]
(1) The Court erred by dismissing appellant's lawsuit on appellees' peremptory Exceptions of No Right of Action where appellant alleges that she is the absolute owner of the property contiguous to that portion of Helene Street which the appellee, CITY-PARISH GOVERNMENT, sold to the appellee, McDONALD'S CORPORATION, for its private business purposes as a fast food establishment; and where the proof of appellant's ownership to the property is shown by annexed documentation to appellant's petition. (2) The Court erred as to procedural and substantive law, and the evidence.

NO RIGHT OF ACTION
The exception raising the objection of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. LSA-C.C.P. arts. 681 and 927; G.I. Joe, Inc. v. Chevron U.S.A., Inc., Pipeline Division, 561 So.2d 62, 64 (La.1990); Fibrebond Corporation v. Aetna Casualty & Surety Company, 583 So.2d 848, 851 (La.App. 1st Cir.1991). The essential function of the objection is to provide a threshold device which terminates suits brought by one who has no interest in enforcing judicially the right asserted. Meche v. Arceneaux, 460 So.2d 89, 90 (La.App. 3rd Cir.1984); Favrot v. Favrot, 448 So.2d 187, 188 (La.App. 1st Cir.1984). Simply stated, the exception of no right of action tests whether this particular plaintiff, as a matter of law, has an interest in the claim sued on. Mercier v. Flugence, 408 So.2d 52, 53 (La.App. 3rd Cir.1981).
Evidence supporting or controverting an objection of no right of action is admissible, but objections of no right of action cannot be used simply because there may be a valid defense to the proceeding. Bank of New Roads v. Livonia South, Inc., 527 So.2d 1132, 1135 (La.App. 1st Cir.), writ denied 532 So.2d 150 (La.1988); In Re Norton, 471 So.2d 1053, 1055 (La. App. 1st Cir.1985). Generally, a party raising a peremptory exception bears the burden of proof. See Spott v. Otis Elevator Company, 601 So.2d 1355, 1361 (La.1992); Moyers v. Altmann, 594 So.2d 6, 8 (La. App. 3rd Cir.1992); Creaghan-Webre-Baker v. Le, 534 So.2d 94, 96 (La.App. 3rd Cir.1988); Coury v. Coury Moss, Inc., 510 So.2d 1316, 1317 (La.App. 3rd Cir.1987). To prevail on a peremptory exception pleading the objection of no right of action, defendant must show that plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. Moyers v. Altmann, 594 So.2d at 8; Creaghan-Webre-Baker v. Le, 534 So.2d at 96; Coury v. Coury Moss, Inc., 510 So.2d at 1317.
In the instant case, in their peremptory exception raising the objection of no right of action, defendants contended that plaintiff's 1953 sale of the property in question precluded her assertion of a cause of action in damages against defendants. Although the record indicates that plaintiff sold the lots to her father, Leroy B. Chase, Sr., on August 24, 1953, plaintiff alleged that she is the owner of lots K and L in Hastings Heights subdivision. Plaintiff bases her *996 claim of ownership on two grounds: (1) an unrecorded counter letter allegedly indicating that the sale of the two lots to her father were simulations and that she is the true owner of the lots, and (2) inheritance rights.
INHERITANCE RIGHTS
It is well settled that an heir can sue directly without having been recognized as such by the probate court; all that is required is that he furnish satisfactory evidence of his right to inherit. Miles v. Miles, 328 So.2d 394, 397 (La.App. 3rd Cir. 1976); Catlett v. Catlett, on rehearing, 99 So.2d 135, 138 (La.App. 2nd Cir.1957). Plaintiff contends that her petition, with attached documents, proves that she is the heir to such property and, as such, she is entitled to bring the instant action.
In accordance with LSA-C.C. art. 940, at the death of the deceased, the property is vested in the heirs immediately by operation of law. This article incorporates the maxim "le mort saisit le vif" so that the legal personality of the deceased descends instantaneously upon the heirs independent of any action on their part. LSA-C.C. art. 941. Seizin, the faculty of claiming and exercising possession, is acquired by either the forced heirs, the universal legatee, or the legitimate heirs at the moment of death. Baten v. Taylor, 386 So.2d 333, 340 (La.1979); Houma Mortgage & Loan, Inc. v. Stoufflet, 602 So.2d 1147, 1148 (La.App. 1st Cir.1992). The operation of the doctrine of seizin has two important effects. First, it transmits the succession to the heirs of the deceased even though they were ignorant of the fact that the succession was opened in their favor. LSA-C.C. art. 941. Second, it authorizes the heirs of the deceased to bring all actions which the deceased had a right to institute and to prosecute those already commenced. LSA-C.C. art. 945.
At the time of the death of Leroy B. Chase, Sr. on August 20, 1965, the law defined "forced heir" as a "legitimate child" of the deceased. See LSA-C.C. art. 1493.[2] From the documents attached to plaintiff's petition, it is clear that she is the legitimate child of Leroy B. Chase, Sr. and Bythelda George Chase.[3] Therefore, plaintiff is a forced heir of her father and became seized of the property upon his death.
However, LSA-C.C. art. 946 provides that:
Though the succession be acquired by the heir from the moment of the death of the deceased, his right is in suspense, until he decide whether he accepts or rejects it.
If the heir accept, he is considered as having succeeded to the deceased from the moment of his death; if he rejects it, he is considered as never having received it.[4]
Under the Civil Code articles, simple acceptance may be either express or tacit. LSA-C.C. art. 988. Tacit acceptance occurs when the heir performs some act which necessarily supposes his intention to accept it, and which he would have no right to do but in his capacity as heir. LSA-C.C. art. 988; Reed v. Taylor, 522 So.2d 1262, 1264-1265 (La.App. 4th Cir.1988).
In the instant case, plaintiff claims to be the heir to her father's property, and she *997 alleges that her interest in such property has been affected by the city-parish's sale of the adjacent property to McDonald's. These things, along with her filing of the instant suit, indicate that plaintiff has unconditionally accepted her father's succession.[5] Therefore, plaintiff has succeeded to all rights of the decedent, which includes the right to institute all actions that the decedent had a right to institute. LSA-C.C. arts. 945 and 947; Key v. Cherokee Credit Life Insurance Company, 254 So.2d 696, 698 (La.App. 3rd Cir.1971).
After reviewing the record in this case, we find that the trial court erred in sustaining defendants' exception raising the objection of no right of action. Plaintiff's petition, with attached documentation, is prima facie evidence of her right to inherit an interest in the property and the right to bring the instant action. There was no controverting evidence adduced, and defendants had the burden of proving that plaintiff had no interest in the subject matter of the instant suit. Defendants failed to discharge this burden.
Because we have determined that plaintiff has a right of action under the succession provisions of the Louisiana Civil Code, we find it unnecessary to address plaintiff's contention that the counter letter also establishes her right to institute the action.

CONCLUSION
For the reasons set forth above, the judgment of the trial court sustaining defendants' exception raising the objection of no right of action is reversed, and the matter is remanded to the trial court for further proceedings in accordance with the views expressed herein. Defendants are assessed with all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] Although the opinion does not specifically address each of the specifications of error, the opinion adequately disposes of all pertinent issues.
[2] LSA-C.C. art. 1493 now defines forced heirs as follows:

Forced heirs are descendants of the first degree who have not attained the age of twenty-three years, or of any age who, because of mental incapacity or physical infirmity, are incapable of taking care of their persons or administering their estates.
For purposes of forced heirship, representation of a descendant of the first degree who predeceased the donor is permitted if that descendant would not have attained the age of twenty-three years at the donor's death.
[3] Plaintiff's parents were married on June 19, 1920, and she was born on February 28, 1922, during the marriage.
[4] LSA-R.S. 9:1421 was added by Acts 1986, No. 602, § 1, but it is inapplicable in the instant case. It provides, in pertinent part, as follows:

Notwithstanding any provision in the law to the contrary, including but not limited to Civil Code Articles 976 through 1013 and ... Articles 1415 through 1466, every successor is presumed and is deemed to have accepted a succession under benefit of inventory even though the acceptance is unconditional, and where an inventory or descriptive list has been executed.
[5] See Jackson v. Burks, 168 So.2d 909, 910 (La. App. 2nd Cir.1964), where the court found that by instituting a petitory action seeking to be recognized as owner of tract by virtue of inheritance, plaintiff accepted the succession. See also Bradford v. Ducote, 49 So.2d 64, 67 (La. App. 2nd Cir.1950). Where the court held that plaintiffs had accepted the succession of decedent by alleging to be the sole heirs of decedent and suing to recover an asset of the succession.