l2LeBLANC, Judge.
Plaintiff, Sebell Chase Jones, has appealed from a judgment sustaining defendants’ peremptory exceptions raising the objection of prescription and dismissing plaintiffs suit, with prejudice. We reverse.
FACTS
Plaintiff filed this suit alleging damages resulting from the sale by defendants, City of Baton Rouge and Parish of East Baton Rouge (City-Parish), of an unused street adjacent to property in which plaintiff allegedly owns an interest. Pursuant to Ordinance 8469 (adopted by the Metropolitan Council of the City-Parish on August 12, 1987), the unpaved street was sold to defendant, McDonald’s Corporation, for use as a private access road and parking lot. The facts of this matter were outlined by this Court in an appeal taken by plaintiff from a prior judgment sustaining an exception of no right of action.
On June 23,1988, plaintiff, Sebell Jones, claiming to be the owner of lots K and L in Hastings Heights, filed a suit for damages against McDonald’s and the City-Parish. Although plaintiff had made no prior objection to the sale of Helene Street to McDonald’s, she contended that the actions of the City-Parish in transferring the roadway to McDonald’s for its exclusive and private use implied that the street was no longer needed for public purposes and effected an abandonment and/or revocation of the 1951 dedication of Helene Street as a public roadway.
Plaintiff further alleged that the City-Parish acted arbitrarily and capriciously in disregarding the relationship between Helene Street and the subdivision’s road system in the sale of the property to McDonald’s. Plaintiff claimed that the following damages resulted from the sale: (1) diminution in residential property value; (2) loss of her ownership in an undivided one-half interest or to the naked ownership from Lot K to the middle of Helene Street; (3) mental anguish and humiliation due to the loss of use and conversion of Helene Street; (4) violation of her reversionary rights under LSA-R.S. 48:701, 48:714, and 9:2981; and (5) creation of a nuisance in violation of her rights of neighborhood under LSA-C.C. arts. 667, 668, 669, and 2315.
Defendants answered plaintiff’s petition and subsequently filed motions for summary judgment and a peremptory exception raising the objections of no right of action and prescription. Defendants contended that plaintiff sold her interest in lots K and L on August 24, 1953. Therefore, she was not the owner of the subject property and had no right to seek damages from defendants.
Following a hearing on April 6,1990, the trial court rendered judgment on April 7, 1990, sustaining defendants’ exception rais *619 ing the objection of no right of action. Plaintiffs suit was then dismissed without prejudice. The court made no rulings on the motions for summary judgment or the objection of prescription.
|3On March 28, 1991, plaintiff filed a second suit naming McDonald’s and the City-Parish as defendants and setting forth the same basic allegations as in her first petition. Attached to plaintiffs petition was a counter letter, allegedly indicating that plaintiff is the true owner of the subject property. The following documents were also attached to the petition: (1) marriage license of Leroy B. Chase, Sr. and Bythelda George (plaintiffs parents); (2) birth certificate of Sebell Chase (plaintiff); (3) birth certificate of Leroy B. Chase, Jr; (plaintiffs brother); (4) death certificate of Leroy B. Chase, Sr.; (5) death certificate of Bythelda George Chase; and (6) death certificate of Leroy B. Chase, Jr.
Defendants filed a dilatory exception raising the objections of vagueness and lack of procedural capacity and a peremptory exception raising the objections of no right of action and prescription. Again, defendants contended that plaintiff did not own the subject lots in Hastings Heights subdivision and had no right of action against defendants.
After a hearing on September 20, 1991, the court sustained defendants’ exception raising the objection of no right of action. However, the trial court did not rule on the objections of vagueness, lack of procedural capacity, or prescription. Plaintiffs suit was then dismissed, with prejudice, and plaintiff was assessed with all costs. Jones v. McDonald’s Corp., 618 So.2d 992, 994-995 (La.App. 1st Cir.1993).
On appeal, judgment sustaining defendants’ exception of no right of action was reversed and this matter was remanded to the trial court. See Jones v. McDonald’s Corp., 618 So.2d 992 (La.App. 1st Cir.1993).
On remand, the trial court held a hearing on exceptions of prescription previously filed by defendants. Thereafter, the court rendered judgment sustaining defendants’ exceptions and dismissing plaintiffs suit, with prejudice. Plaintiff has now appealed this judgment.
ISSUE
Whether the prescriptive[1] period applicable to plaintiffs suit for damages is the fifteen-day period provided by La.R.S. 33:4712 C for the filing of an opposition to a proposed municipal ordinance to sell public property?
ANALYSIS
In arguing that plaintiffs suit is prescribed, defendants rely on the fifteen-day period provided by La.R.S. 33:4712 C for filing an opposition to a proposed ordinance Uto sell public property. Since plaintiffs suit was filed well over fifteen days after the passage of the ordinance authorizing the sale in question, defendants argue plaintiffs suit is prescribed.
La.R.S. 33:4712 specifically authorizes municipalities to sell, exchange or lease public property not necessary for public purposes. The Louisiana Supreme Court has indicated there is no constitutional prohibition against a municipality alienating a public street not needed for public purposes pursuant to this statute. See, Lake Terrace Prop. Owners v. New Orleans, 567 So.2d 69, 73 (La.1990); Coliseum Square Ass’n v. New Orleans, on rehearing, 544 So.2d 351, 359 (La.1989). However, in order to do so, the municipality must comply with the following requirements of La.R.S. 33:4712:
[[Image here]]
B. Except as otherwise provided in this Section, before disposition can be made of property under the provisions of this Sub-part, an ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, lease, exchange, or other contract to be *620 made with reference to the property. In instances of exchanges of municipally owned immovable property valued at one hundred thousand dollars or more, the municipality, prior to introduction of the aforementioned ordinance, shall for a minimum of three times in thirty days advertise for and receive other proposals for the exchange of property comparable with the exchange of properties proposed by the municipality; however, exchanges involved in the relocation of public streets, roads, highways, servitude, rights of way, and/or public franchises shall not be subject to this requirement. Thereafter, notice of the proposed ordinance must be published three times in fifteen days, one week apart, in a newspaper published in the municipality or, if there is no such newspaper, in a newspaper having a general circulation in the municipality, and if there is no newspaper of general circulation in the municipality, by posting in three public and conspicuous places in the municipality.
C. Any opposition to the proposed ordinance shall be made in writing, filed with the clerk or secretary of the municipality within fifteen days after posting of the above notice or its first publication. If an opposition is filed, the governing authority shall not adopt the ordinance until a hearing has been held. If the ordinance is adopted, it shall not become effective until ten days after its passage, during which time any interested citizen may apply to the district court having jurisdiction of the municipality for an order restraining the disposition of the property. After the ordinance becomes effective, it cannot be contested for any reason.
(Emphasis added.)
[[Image here]]
| sin the present ease, the passage of Ordinance 8469 and the sale of the property in question were in compliance with all requirements of form and substance delineated by La.R.S. 33:4712. Since plaintiff did not file a timely protest of the proposed ordinance within the fifteen-day period provided by La. R.S. 33:4712 C, any action plaintiff may have had to contest the ordinance on any basis is prescribed. However, the present suit is one for damages. Plaintiff is not contesting the ordinance pursuant to which the sale was made, rather she is seeking an award of monetary damages. The fifteen-day period provided by La.R.S. 33:4712 is not applicable to an ordinary suit for damages. Plaintiffs damages suit, which was filed less than one year after the adoption of the ordinance and the sale of the property, was timely. The trial court erred in applying the fifteen-day period provided by La.R.S. 33:4712 in determining the timeliness of plaintiffs suit for damages.
Accordingly the trial court judgment sustaining defendants’ exceptions of prescription is reversed and judgment is hereby rendered denying defendants’ exceptions. This matter is remanded to the trial court for further proceedings consistent with this opinion. The City-Parish and McDonald’s Corporation are to equally share the costs of this appeal, in the amount of $149.47 each.
REVERSED AND REMANDED.
FITZSIMMONS, J., concurs and assigns reasons.

. Defendants assert the time period provided by La.R.S. 33:4712 C is peremptive rather than prescriptive. Since the distinction is immaterial to the issues raised and under the facts present herein, we express no opinion on this matter. The terms "prescription” and "prescriptive” are used throughout this opinion solely for the purpose of convenience.