|, MURRAY, J.
Plaintiffs, Catherine Taboni and her son, Vincent Taboni, appeal the trial court’s judgment dismissing their claim on the basis of an exception of no right of action urged by defendants, Myrtle Prine Longo and the estate of her daughter, Linda Joyce Longo. For the reasons that follow, we affirm.
Catherine Taboni filed the instant lawsuit on November 6, 1997, as curator of her son, Joseph Taboni, Jr., who was comatose at the time, despite the fact that Joseph had not yet been declared an interdict, nor had Catherine been appointed his curator. The suit alleged that Joseph was the holder of an unpaid promissory note in the amount of $44,300.00 executed by Linda Joyce Longo and her mother, Myrtle Prine Longo, made payable to bearer and paraphed to an act of mortgage in favor of “John Doe,” and further, that Joseph was the “John Doe” referred to in the act.[1] On December 19, 1997, Catherine Taboni was appointed curator of her son, but Joseph died that same day. On December 23, 1997, defendants filed an exception of no right of action based on the fact that Catherine Taboni had in her possession only a copy of the bearer note, not the original. This exception was referred to the merits.
|POn June 8,1998, Catherine Taboni filed a “First Supplemental and Amending Peti *57 tion,” which added her son Vincent Taboni as a plaintiff and alleged that she and Vincent were suing in their capacity as heirs of Joseph, who had died intestate and without children. On March 31, 1999, the defendants filed a “First Amended Re-conventional Demand,”[2] alleging that there still exists between the parties a dispute (unrelated to the instant action) concerning the entitlement to the proceeds from a sale of certain real property located in Folsom, Louisiana. On April 21, 1999, Catherine and Vincent Taboni filed a “Second Supplemental and Amending Petition” responding to the reconventional demand and alleging, in paragraphs 47, 48 and 49, that Joseph Taboni, Jr., died intestate, was never married, and had no children, and further, that Vincent Taboni is the sole sibling and sole heir of Joseph. On May 28, 1999, defendants filed an answer to this Second Supplemental Petition, in which they denied the majority of the allegations, but admitted the allegations of paragraphs 47, 48, and 49.
On August 23, 1999, defendant Myrtle Longo filed an exception of no right of action asserting that plaintiffs have no standing to sue on behalf of Joseph Tabo-ni, Jr., because they have not judicially opened a succession for Joseph and there has been no judicial determination that the plaintiffs are his legal heirs. The estate of Linda Longo subsequently joined in this exception. The exception was sustained, and the plaintiffs’ petition dismissed, by judgment rendered without written reasons December 20, 1999. Plaintiffs’ motion for rehearing and/or new trial was denied on January 28, 2000, and this appeal followed.
|sPlaintiffs argue that, as the legal heirs of Joseph Taboni, Jr., they have the right to bring actions on his behalf without having opened his succession or having been judicially declared his heirs. In support of this argument, plaintiffs cite Jones v. McDonald’s Corporation, 618 So.2d 992 (La.App. 1st Cir.1993), in which the court held the plaintiff had a right of action to file suit on behalf of her deceased father prior to the opening of his succession to protect real property owned by her father from the waiver of a zoning ordinance allowing McDonald’s to use the adjacent property as a parking lot. Plaintiffs also rely on La. Civ.Code arts. 940-945 (1870), in effect at the time of Joseph’s death, which provide that the legal heir acquires the succession immediately upon the death of his successor, that this right of possession vests in the heir by operation of law, and that the heir is authorized to institute all actions which the deceased person had a right to institute. Finally, plaintiffs cite La. Civ.Code art. 891, which provides that if the deceased leaves no descendants, but is survived by parent(s) and sibling(s), the sibhng(s) succeed to the separate property of the deceased subject to a usufruct in favor of the parent(s).
In response, defendants argue that plaintiffs cannot merely claim to hold the status of legal heirs; they are required to submit proof of that status. Defendants point out that in Jones v. McDonald’s Corporation, supra, the case relied upon by plaintiffs, the court stated:
It is well settled that an heir can sue directly without having been recognized as such by the probate court; all that is required is that he furnish satisfactory evidence of his right to inherit. Miles v. Miles, 328 So.2d 394, 397 (La.App. 3rd Cir.1976); Catlett v. Catlett, on rehearing, 99 so.2d 135, 138 (La.App. 2nd Cir.1957).
618 So.2d at 996 (Emphasis added).
Defendants contend that Jones v. McDonald’s Corporation actually supports *58 their position rather than that of plaintiffs. In Jones, the plaintiff |4filed suit as owner of the property and the defendants raised an exception of no right of action, alleging that plaintiffs father, not plaintiff, was the record owner of the property. The exception of no right of action was initially sustained, and the plaintiffs suit was dismissed without prejudice. 618 So.2d at 994. Plaintiff then filed a second suit setting forth the same basic allegations as her first petition and attached to this petition the following documents: the marriage license of plaintiffs parents; the birth certificates of plaintiff and her brother; and finally, the death certificates of plaintiffs father, mother and brother. The. district court again dismissed plaintiffs suit on the basis of defendants’ exception of no right of action, but the appellate court reversed, finding:
Plaintiffs petition, with attached documentation, is prima facie evidence of her right to inherit an interest in the property and the right to bring the instant action.
Id. at 997 (Emphasis added).
Unlike in Jones, in the instant case, plaintiffs produced no documentary evidence to prove their status as heirs. Defendants argue strenuously that absent such evidence, the sustaining of the exception of no right of action was proper. On the contrary, plaintiffs contend they did not need to prove their status as heirs because the party raising an exception generally has the burden of proof; therefore, defendants had the burden to show plaintiffs do not have an interest in the subject matter of the suit. Moyers v. Altmann, 594 So.2d 6, 8 (La.App. 3rd Cir.1992). Additionally, plaintiffs argue that defendants’ answer admitting the factual allegations in Paragraphs 47-49 of plaintiffs’ Second Supplemental and Amending Petition constituted a judicial omission, which obviated the need for plaintiffs to submit proof of their status as heirs. Petition constituted a judicial omission, which obviated the need for plaintiffs to submit proof of their status as heirs.
| ¡Doth sides agree, and the law clearly holds, that while a succession is under administration, the only party authorized to bring suit on behalf of the decedent is the succession representative. See La.Code Civ. Pro. arts. 685, 3211; Jackson v. Lopez, 524 So.2d 769, 771 (La.App. 3rd Cir.1988). It is also clear that prior to the opening of the succession, the legal heir(s) have the right to institute suit, subject to the requirement of submitting proof of their status. However, the issue with which we are confronted in this appeal is whether, in the absence of such proof, mere allegations of the facts necessary to establish heirship status, if not disproven, are sufficient to maintain plaintiffs’ right of action in the face of defendants’ exception to that right. We have found no jurisprudence directly addressing this issue.
However, the law of successions clearly requires the submission of a specific type of proof, namely, authenticated official documents or affidavits, for a person to be recognized as an heir. La.Code Civ. Pro. art. 2821 provides, in pertinent part:
The deceased’s death, his marriage, and all other facts necessary to establish the relationship of his heirs may be evidenced either by official certificates issued by the proper public officer, or by affidavits.
La.Code Civ. Pro. art. 2822 further provides that the affidavits submitted for this purpose “shall be executed by two persons having knowledge of the facts sworn to.” Obviously, the purpose of these requirements is to protect all potential heirs, as weh as third parties who may have dealings with the deceased, his succession, or his heirs. To allow an alleged heir to *59 bring suit | «without submitting any proof that he is, in fact, the sole legal heir would clearly undermine this objective. Therefore, we cannot say the trial judge was wrong to maintain the exception in the absence of such documentary proof of Vincent Taboni’s status as sole heir of his brother.[3]
For the same reason, we do not believe the admission by defendants of plaintiffs’ factual allegations relating to heirship can obviate the need for evidentiary proof of those facts; even if, as far as the defendants’ knowledge is concerned, these facts are true, such an admission would not be sufficient to prove the legal status of heir-ship so as to protect third parties. We therefore reject plaintiffs’ argument that defendants’ admission constituted a judicial confession that eliminated the need for plaintiffs to prove their status.
Accordingly, we conclude that the trial court did not err by sustaining the exception of no right of action and thereby dismissing plaintiffs’ suit. The judgment of the trial court is affirmed.
AFFIRMED.

. The property subject to the mortgage, 365 Ponchitowlawa Drive in Covington, Louisiana, was owned by the Longos, and prior to her death in 1994, Linda Longo resided there with her boyfriend, Joseph Taboni, Jr. Joseph was named the testamentary executor of Linda's succession, which is still pending, and apparently continued to live in the Longo home until he was seriously injured in an accident in July, 1997, rendered comatose, and eventually died.

. The original reconventional demand, if such exists, does not appear in the record.

. Despite her bringing of the claim as a plaintiff, Catherine Taboni is clearly not a legal heir of her son, Joseph; the law gives her only a usufruct over the property, which would be inherited by Vincent Taboni, assuming he is the sole sibling of Joseph and there are no descendants. See La.Code Civ. Art. 891.