510 So.2d 1316 (1987)
A. Sam COURY, Plaintiff-Appellant,
v.
COURY MOSS, INC. & William J. Moss, Defendants-Appellees.
No. 86-661.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
Gary L. Boland, Hunter & Boland, Baton Rouge, for plaintiff-appellant.
James R. Lewis, Lewis & Lolley, Lafayette, and John Conery, Franklin, for defendants-appellees.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
William J. Moss filed exceptions of no cause of action and no right of action against A. Sam Coury in the Fifteenth Judicial District Court, Suit No. 83-6389. These exceptions were also filed in consolidated suits in the same Judicial District, Numbers 83-7482, 84-4756, and 84-4757. The trial court rendered judgment in favor of William J. Moss as to the exception of no right of action. The judgment was silent as to the exception of no cause of action; therefore, it is deemed to be overruled. A. Sam Coury took a suspensive appeal[1] from the trial court judgment urging that he has the right to bring the action against William J. Moss individually. We agree and reverse accordingly.

*1317 FACTS
Sam Coury brought a shareholder's derivative action and suit for damages against Coury Moss, Inc. and William J. Moss, individually. In his petition, Mr. Coury asserts that he owns forty-five (45%) of the outstanding stock in Coury Moss, Inc. Further, the petition alleges that the corporation and its president, William J. Moss, are guilty of "gross and persistent ultra vires acts" which caused Mr. Coury to suffer a loss in the value of his stock in the amount of $300,000.00, and caused $200,000.00 of the corporation's funds to be expended for Mr. Moss's personal benefit. In his first supplemental and amending petition in the shareholder's derivative action, Mr. Coury asserts that the losses were caused by Mr. Moss's unauthorized distribution of corporate funds for his personal use, travel and entertainment; for his unauthorized bonuses and excessive salary; for his gross mismanagement of the corporation; and for specific acts of fraud and breaches of fiduciary duty. In addition, Mr. Coury prays for the recission of a contract (referred to as an "Agreement") entered into between himself and Mr. Moss individually.
Mr. Moss filed his exceptions asserting that Mr. Coury failed to state what actions of Mr. Moss caused damages to Mr. Coury personally. Further, Mr. Moss contends that Mr. Coury has no individual right to claim damages against Mr. Moss. He asserts that any action for damages "must of necessity be brought as a shareholder derivative action for and/or on behalf of the corporation Coury Moss, Inc., and as individual plaintiff, A. Sam Coury has no right to claim damages." As noted above, the trial court sustained the exception of no right of action thereby dismissing Mr. Moss and his wife, Sharon Coury Moss,[2] from suit.

EXCEPTION OF NO RIGHT OF ACTION
The essential function of the peremptory exception of no right of action, La.C.C.P. art. 927(5), is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff. Henry v. State, Department of Health and Human Resources, 435 So.2d 565 (La. App. 3d Cir.), writ denied, 441 So.2d 750 (La.1983). The plaintiff must have an interest in the subject matter of the suit and legal capacity to proceed with the suit. The exception serves to question the right of plaintiff to maintain his suit, and relates to whether the particular plaintiff falls, as a matter of law, within the general class in whose favor the law grants the cause of action sought to be asserted by suit. Mercier v. Flugence, 408 So.2d 52 (La.App. 3d Cir.1981). It is of no moment that defendant may have a valid defense to defeat plaintiff's cause of action. Alside Supply Company v. Ramsey, 306 So.2d 762 (La. App. 4th Cir.1975). In order to prevail, defendant must show that plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit.

PIERCING THE CORPORATE VEIL
We have recently set forth Louisiana's approach to piercing the corporate veil in American Bank of Welch v. Smith Aviation, Inc., 433 So.2d 750, 752 (La.App. 3d Cir.1983):
"The general rule that corporations are distinct legal entities, separate and distinct from the individuals who compose them, is statutory in origin, and well recognized in the Louisiana jurisprudence. Thus, shareholders are not individually responsible for the debts due by the corporation.
There are, however, limited exceptions to the rule of non-liability of shareholders for the debts of a corporation whereby the court may ignore the corporate fiction and hold the individual member or members liable. In such situations, courts commonly refer to the corporation *1318 as the `alter ego' of the shareholder. One such exception to the non-liability rule involves situations where fraud or deceit has been practiced on a third party by the shareholder acting through the corporation.
Another basis for disregarding the corporate entity involves the failure to conduct a business on corporate footing, thereby disregarding the corporate entity to such an extent that the corporation ceases to be distinguishable from its shareholders. In Louisiana, courts usually base their rule upon the often-quoted language of Keller v. Haas, 202 La. 486, 12 So.2d 238 (La.1943), which is found on page 240:
`It is well settled that where an individual forms a corporation of which he is the sole and only stockholder or owns such control of the stock that the act of the corporation is his own, then he may not use the screen of corporate entity to absolve himself from responsibility.'
However, the broad language quoted gives little indication as to what circumstances justify piercing a corporate veil absent fraud on the part of the shareholder. Some factors to consider may include but are not limited to: comingling of corporate and shareholder funds; failure to follow statutory formalities for incorporation and the transaction of corporate affairs; under-capitalization; failure to provide separate bank accounts and bookkeeping records; and, failure to hold regular shareholder or directors meetings.
Finally, regardless of the basis for piercing the corporate veil, it is clear that the situation must be viewed with regard to the totality of circumstances in each case. It should be kept in mind that in Louisiana the concept of the separation of the corporate entity from its shareholders is the general rule and is firmly established. Because of the beneficial role of the corporate concept, this principle should be disregarded only in exceptional circumstances. When fraud or deceit is absent, other circumstances must be so strong as to clearly indicate that the corporation and shareholder operated as one." (citations omitted)
See also La.C.C. arts. 435, 437; LSA-R.S. 12:93(B), 95; West Building Materials, Inc. v. Daley, 476 So.2d 554 (La.App. 3d Cir.1985); Liberto v. Villard, 386 So.2d 930 (La.App. 3d Cir.1980); Wilson v. H.J. Wilson Company, Inc., 430 So.2d 1227 (La. App. 1st Cir.1983).
In this case, the trial court was clearly wrong in denying Mr. Coury the opportunity to prove his case against Mr. Moss by granting his exception of no right of action. The petition alleges that Mr. Coury is a minority stockholder wishing to have Mr. Moss held accountable for his acts of fraud and breaches of fiduciary duty. Further, Mr. Coury demands that a contract between himself and Mr. Moss be rescinded. Mr. Moss has never contravened plaintiff's legal capacity and Mr. Coury has demonstrated his interest in the lawsuit. He should be given the opportunity to attempt to pierce the corporate veil. See Wilson, 430 So.2d at 1234.
For the above and foregoing reasons, the judgment of the trial court is reversed and the suit is remanded for further proceedings. Costs of this appeal are taxed to William J. Moss.
REVERSED AND REMANDED.
NOTES
[1] This appeal was consolidated with the three others (numbers 86-662, 86-663 and 86-664). Separate opinions will be rendered in each case. 510 So.2d 1318, 510 So.2d 1319, and 510 So.2d 1319.
[2] Sharon Coury Moss was added as a necessary party to these proceedings in the same judgment which dismissed her from suit.