534 So.2d 94 (1988)
CREAGHAN-WEBRE-BAKER d/b/a CEW. Plaintiff-Appellant,
v.
Pierre L. LE, et al., Defendants-Appellees.
No. 87-899.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
*95 Sue Fontenot, Lafayette, for plaintiff-appellant.
Theall & Fontana, Gary Theall, Abbeville, for defendants-appellees.
Before GUIDRY, STOKER and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether or not the trial judge was correct in sustaining defendants' peremptory exception of no right of action and in dismissing plaintiff's suit.
A partnership, Creaghan-Webre-Baker, d/b/a CWB (hereinafter plaintiff), instituted this action against Pierre L. Le and Edward J. Lafont (hereinafter defendants), alleging it was entitled to specific performance under the provisions of an exclusive marketing agreement executed by the parties. In the alternative, plaintiff alleged it was entitled to an award of $100,000.00 as compensation for its services under a separate employment contract, together with $25,000.00 in attorney's fees. In response, defendants filed an exception of no right of action, asserting that the plaintiff partnership had no right to sue them because defendants did not contract with a partnership, and that the contracts sought to be enforced clearly show no partnership was a party to the contracts. After a hearing, the trial court sustained defendants' exception and dismissed plaintiff's suit. From this judgment, plaintiff filed a timely devolutive appeal. Defendants answered the appeal seeking damages for a frivolous appeal. We affirm but deny defendants' request for damages for frivolous appeal. However, we remand to permit plaintiff the opportunity to amend its pleadings.

FACTS
On September 12, 1988, defendants, Pierre L. Le and Edward J. Lafont, as employers, executed a contract of employment without term with James P. Creaghan, John Webre, and Barbara "Bobby" Baker (hereinafter the employees). Under the employment contract, the employees were to provide various consulting services, one of which was to negotiate and obtain financing for a shrimp processing facility, which the defendants wanted to build at Intracoastal City, Louisiana.
The contract of employment further provided that the employees were to receive the greater amount of $100,000.00 or 2% of the project cost as compensation for their services. In lieu thereof, defendants agreed to execute a separate exclusive marketing agreement whereby the employees would be granted the exclusive right to market defendants' shrimp products for a term of fifteen years and the right of first refusal on all fish products purchased and/or represented by the defendants for sale. The employees chose the exclusive marketing agreement as the means of their compensation and, therefore, the parties, simultaneously with the execution of the employment contract, also executed an exclusive marketing agreement (hereinafter "the contracts").
The record is conflicting as to the events that transpired during the period following the execution of the contracts and prior to the filing of this lawsuit. The defendants testified that the employees were unsuccessful in obtaining the financing, and when it appeared that an entire shrimping season would be lost because of delays in completing the project, they terminated the contract of employment and exclusive marketing agreement and "continued on their own to try to develop the facility." Conversely, the employees claimed they complied with all the provisions of the contract of employment and that defendant's termination of their employment contract was without good cause.
This suit for breach of the contracts was filed on April 14, 1987 by plaintiff, so that the legality of the termination of the employment contract and exclusive marketing agreement could be determined by a trial on the merits. Because the contracts do not contain any specific reference to a partnership, defendants filed an exception of no right of action challenging plaintiff's right to sue on the contracts.
*96 A hearing on the exception was held on June 8, 1987. In support of their exception, defendants offered in evidence the employment contract and the exclusive marketing agreement. In rebuttal, plaintiff presented the testimony of James B. Creaghan, one of the alleged partners of plaintiff. On direct examination, Mr. Creaghan stated that a written contract of partnership[1] was entered into between himself, John Webre, and Barbara "Bobby" Baker in August, 1986 for the sole purpose of providing the services requested by the defendants. Mr. Creaghan testified that although the partners signed the contracts with the defendants in their individual capacity, it was their intent to sign on behalf of the partnership. On cross-examination, Mr. Creaghan was asked to produce a copy of the partnership agreement, but he was unable to do so.
After considering the testimony of the witnesses, reviewing the pleadings and the contracts introduced into evidence, and hearing the arguments of counsel, the trial court sustained the exception of no right of action and dismissed plaintiff's petition.
In his reasons for judgment, the trial judge made the following finding of fact:
"This Court has considered the documents before it, which shows the contract of employment, `D-l' and [The Exclusive Marketing Agreement] `DIB', both of which do not make any reference to a partnership. They merely make a reference to CWB. And throughout the two (2) documents, there's absolutely no reference to a partnership. They were signed individually. There's never been a reference to the partnership that I see in here. The petition does state that the individuals are appearing as a partnership. And this Court will therefore sustain the exception of no right of action and dismiss the plaintiffs' suit at plaintiffs' costs."

LAW
On appeal, plaintiff contends the trial court's ruling sustaining the exception of no right of action is erroneous. In connection with this assignment of error, plaintiff first argues that the wording found in the two contracts of September 12, 1986 clearly identifies the existence of a partnership and that the partners were contracting on its behalf.
The essential function of a peremptory exception of no right of action is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff. Coury v. Coury Moss, Inc., 510 So.2d 1316 (La.App. 3 Cir.1987); Brouillette v. Consolidated Const. Co., Etc., 422 So.2d 176 (La.App. 1 Cir.1982). In order to prevail, the defendants must show that plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. Coury, supra.
The specific language relied upon by plaintiff is found in the first sentence of both the contract of employment and the exclusive marketing agreement. The first sentence of the employment contract reads:
"This contract of employment is made and entered into by and between JAMES P. CREAGHAN, JOHN WEBRE and BOBBY BAKER, hereinafter referred to as `CWB,' and EDWARD J. LAFONT and PIERRE L. LE (sole shareholders of Chico & Le Seafood, Incorporated, a corporation in organization), hereinafter referred to as `client.'"
Similarly, the first sentence of the exclusive marketing agreement states:
THIS AGREEMENT, made and entered into on this 12th day of September, 1986, by and between JAMES P. CREAGHAN, JOHN WEBRE AND BOBBIE BAKER (hereinafter sometimes called `CWB', herein represented by themselves, whose permanent mailing address is declared to be 8338 Summa Drive, Suite 301, Baton Rouge, Louisiana 70809..." (Emphasis added.)
Plaintiff argues that, pursuant to LSA-C.C. Art. 2805,[2] the partnership adopted *97 the names of all the partners, i.e., Creaghan-Webre-Baker, and that it does business in the abbreviated form of the partners' names, "CWB". Plaintiff claims that the repeated reference to "CWB" in the contracts is evidence that the partnership was a party to the contracts.
After reviewing the exhibits and testimony adduced at trial, we find that the three parties referred to in the documents as "CWB" individually entered into the contracts with the defendants. There is no reference in the contract to a partnership or any language stating that any of the individuals were acting on behalf of a partnership. We further find that the use of "CWB" in the contracts was merely a reference for drafting convenience and nothing more than a shorthand reference to the three individuals. The following extracts from the employment contract clearly evidence this conclusion:
"THEREFORE, client does hereby employ and retain CWB for these purposes, and CWB hereby bind and obligate themselves to render the services so required,...
For the services of said CWB in said matter, client agrees to pay the sum of two percent (2%) of the project cost, the minimum shall be One Hundred Thousand Dollars ($100,000.00), or in lieu of said sum client agrees to grant CWB, their successors or assigns, the exclusive right to market client's seafood products under a separate marketing agreement." (Emphasis added.) Certainly, if "CWB" referred to a partnership, the wording of the above contractual passages would have read "obligate it" and "its successors or assigns." The actual wording of the contracts clearly reflects that "CWB" was referring to the three separate individuals and not to the partnership.
Secondly, plaintiff argues that, even if all three of the alleged partners contracted with defendants in their own names, the obligation was clearly contracted for the partnership, and, under LSA-C.C. Art. 2816,[3] the partnership can enforce the contract in its own name.
We find plaintiff's reliance on LSA-C.C. Art. 2816 is misplaced. A plain reading of the article reveals that there must be an obligation contracted for the partnership. There is no mention in the contracts that any one or all of the parties were contracting on behalf of a partnership. The only evidence on this issue was the testimony of Mr. Creaghan who stated the partners signed on behalf of the partnership. Nor was there any evidence presented at trial which indicated that either before or at the time of the signing of the contracts the alleged partners informed defendants of their status as mandataries or of the existence of a partnership.
An agency relationship must be clearly established and is not presumed. Martin Fuel Dist, Inc. v. Trans. Gulf, 496 So.2d 473 (La.App. 1 Cir.1986), writ den., 498 So.2d 753 (La. 1986). The party asserting an agency relationship bears the burden of proving that he disclosed his agency status, and the mere testimony of the reputed agent is not sufficient. LSA-C.C. Arts. 3012, 3013; Dr. D.H. Wilkerson v. Vol A. Sweeney, d/b/a Suntans Unlimited, 532 So.2d 243 (La.App. 3 Cir.1988); Central Industries v. Acadidiana Reserves, 420 So.2d 1241 (La.App. 3 Cir.1982), writ den., 423 So.2d 1165 (La.1982); American Plumbing Co., Inc. v. Hadwin, 483 So.2d 169 (La.App. 2 Cir.1986), writ den., 486 So.2d 756 (La.1986).
An application of these legal principles to the facts disclosed by the record on appeal leads us to conclude that there was no evidence presented by plaintiff to establish *98 the existence of an agency relationship by the employees nor was there evidence that a partnership of the employees was disclosed to defendants when the contracts sought to be enforced were entered into by the parties. Plaintiff has failed to carry its burden of proof of disclosure of the partnership.
The factual findings of a trial court in a breach of contract action are not subject to reversal on appeal in the absence of a showing that the findings are manifestly erroneous. Universal Iron Works v. Falgout Refrigeration, 419 So.2d 1272 (La.App. 1 Cir.1982). After reviewing the record, we cannot say the trial court is manifestly in error or clearly wrong in its factual findings or that it erred in sustaining defendants' exception of no right of action.
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La.C.C.P. Art. 934. We will order such amendment and remand the matter to the trial court for this purpose.
Defendants seek damages from plaintiff alleging a frivolous appeal. We find that plaintiff was in good faith in advocating its claim in the trial court and on appeal. Plaintiff had the right to challenge the dismissal of its suit upon the trial court sustaining defendants' exception. For this reason, we do not find this appeal to be frivolous. Accordingly, defendants' claim for damages for frivolous appeal is denied.
For the reasons assigned, the judgment of the trial court is affirmed. Defendants' claim for damages for frivolous appeal is denied. The case is remanded to the trial court to permit amendment within the delay to be ordered by the trial court and, if the objection cannot be so removed or plaintiff-appellant fails to comply with the order to amend, the case shall be dismissed. All costs of this appeal are taxed to plaintiff-appellant with all costs of the trial court to await final disposition of the case in the trial court.
AFFIRMED AND REMANDED.
NOTES
[1] Mr. Creaghan later in his testimony referred to the document as a joint venture agreement.
[2] LSA-C.C. Art. 2805 provides:

"A partnership may adopt a name with or without the inclusion of the names of any of the partners. If no name is adopted, the business must be conducted in the name of all the partners."
[3] LSA-C.C. Art. 2816 provides:

"An obligation contracted for the partnership by a partner in his own name binds the partnership if the partnership benefits by the transaction or the transaction involves matters in the ordinary course of its business. If the partnership is so bound, it can enforce the contract in its own name."