594 So.2d 6 (1992)
V.C. "Skip" MOYERS, Jr., Plaintiff-Appellee,
v.
Theresa Deano ALTMANN and Donny Rue, Defendant-Appellant.
No. 90-787.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Rehearing Denied March 12, 1992.
Philip J. Dugas, Baton Rouge, for plaintiff-appellee.
Steffes & MacMurdo, Arthur A. Vingiello, Baton Rouge, for defendant-appellant Rue.
James S. Conner, Mandeville, for defendant-appellant, Deano.
*7 Before GUIDRY, FORET and LABORDE, JJ.
LABORDE, Judge.
Defendant, Donny Rue, brings this appeal after the trial court granted a partial summary judgment in favor of plaintiff and denied defendant's exception of no right of action. Defendant contends plaintiff is not the proper party to bring this suit and thus has no right of action. We reverse the decision of the trial court insofar as concerns defendant, Donny Rue, and grant his exception of no right of action finding the plaintiff was not the proper party to bring this action.

FACTS
This suit involves a related case No. CA85-90 Theresa Deano Altmann and Donny Rue v. V.C. "Skip" Moyers, Jr. that came before this court on October 27, 1986. In that case, plaintiffs, Theresa Deano Altmann and Donny Rue, brought suit against defendant, V.C. "Skip" Moyers, Jr. for payment of wages earned while employed by Avatar Exploration, Inc. The trial court found in favor of the plaintiffs, piercing the corporate veil of defendant's company, and finding defendant personally liable. Plaintiffs' attorney received a check from Avatar Exploration, Inc. for the amount of the judgment.
Defendant filed a devolutive appeal, and this court reversed the judgment of the trial court finding there was insufficient evidence to pierce the corporate veil. This court held that defendant was not personally liable and that Avatar Exploration, Inc. should have been the target of plaintiffs' suit.
The present case arose when V.C. "Skip" Moyers, Jr., individually, filed suit seeking recovery of the amount he allegedly paid in satisfaction of the trial court's judgment. Defendants, Theresa Deano Altmann and Donny Rue, filed an exception of no right of action claiming since Avatar Exploration, Inc. paid the judgment, plaintiff personally has no right to bring this action. Plaintiff then filed a motion for partial summary judgment for recovery of the amount previously paid to defendants. The trial court granted plaintiff partial summary judgment awarding judgment in his favor as follows:
"IT IS ORDERED that judgment be granted herein in favor of V.C. `Skip' Moyers, Jr., and against Theresa Deano Altmann in the full sum of Seven Thousand Two Hundred Forty and No/100 ($7,240.00) Dollars together with legal interest thereon from October 15, 1987 until paid.
IT IS FURTHER ORDERED that judgment be granted herein in favor of V.C. "Skip' Moyers and against Donny Rue in the full sum of Five Thousand One Hundred Eighty and 90/100 ($5,180.90) Dollars together with legal interest thereon from October 15, 1987 until paid.
IT IS FURTHER ORDERED that judgment be granted herein in favor of V.C. `Skip' Moyers and against the defendants, Donny Rue and Theresa Deano Altmann, jointly, severally and solidarily, in the full sum of Three Thousand Two Hundred Ninety-Nine and 41/100 ($3,299.41) Dollars together with legal interest thereon from October 15, 1987 until paid."
Following rendition of judgment, Donny Rue took this devolutive appeal. Theresa Deano Altmann did not appeal from the judgment but, rather, filed a petition to annul same on the grounds of fraud and ill practices. The record reflects no disposition of Theresa Deano Altmann's claim for nullity of judgment. Accordingly, this appeal is from the aforementioned judgment only insofar as it concerns defendant, Donny Rue.

EXCEPTION OF NO RIGHT OF ACTION
Defendant alleges in his first assignment of error that the trial court erred in not granting the exception of no right of action. After thoroughly reviewing the record, the trial court granted plaintiff's partial summary judgment without any reference to defendant's exception.
*8 An exception of no right of action is a peremptory exception and may be noticed by either the trial or appellate court of its own motion. La.C.C.P. art. 927. The main function of a peremptory exception of no right of action is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff. Creaghan-Webre-Baker v. Le, 534 So.2d 94 (La. App. 3d Cir.1988). In order to prevail, the defendant must show that plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. Coury v. Coury Moss, Inc., 510 So.2d 1316 (La.App. 3d Cir.1987).
Plaintiff alleges that defendant, Donny Rue, admitted in his answer that the judgment was paid by plaintiff and thus cannot now claim the judgment was in fact paid by plaintiff's company, Avatar Exploration, Inc. However, as stated in plaintiff's brief, defendant answered as follows:
"VI"
"The allegations of Paragraph 6 are admitted insofar as they reference payment to Mr. Rue; all further allegations are denied for lack of sufficient information upon which to base a reasonable belief."
While this answer admits that defendant did receive payment, it hardly admits by whom defendant was paid. Plaintiff further argues that while payment was made to defendant by an Avatar Exploration, Inc. check, the payment was made on his behalf.
After reviewing the exhibits and pleadings in the record, we find the evidence clearly shows defendant was paid by Avatar Exploration, Inc. and not by plaintiff in his personal capacity. Furthermore, this court held in the connected case that plaintiff and his corporation were not alter egos. This court further found that there was no commingling of funds between plaintiff and his company and that there was no showing that plaintiff's personal debts were ever paid by or through Avatar. These findings further support our conclusion that payment made by a check drawn on Avatar Exploration, Inc., should be attributed to Avatar as one of the company debts and should not be attributed to plaintiff personally. Since there is sufficient evidence to show that plaintiff did not pay the defendant personally, we further find that the plaintiff is not the proper party to bring suit to recover the money paid by Avatar. Avatar is the proper party to bring this action.
Plaintiff also argues that the judgment was paid by Avatar in the form of a loan to plaintiff or was payment for money owed by Avatar to plaintiff. While these may be feasible arguments, there is no evidence in the record to support either of these allegations.
Since this court has granted defendants' exception of no right of action, plaintiff's partial summary judgment is reversed insofar as same renders judgment against Donny Rue and, therefore, defendant's second assignment of error is moot and need not be addressed by this court.
For the foregoing reasons, defendants' exception of no right of action is granted and partial summary judgment granted in favor of V.C. "Skip" Moyers, Jr. and against Donny Rue is reversed and set aside and plaintiff's suit against Donny Rue is ordered dismissed with prejudice. The aforesaid judgment is likewise reversed insofar as it cast Donny Rue for costs of the proceedings at the trial level. All costs of this appeal are taxed to the plaintiff-appellee, V.C. "Skip" Moyers, Jr. This matter is remanded to the trial court for further proceedings in connection with the remaining relief which plaintiff seeks and which has not yet been considered by the trial court.
REVERSED AND REMANDED.