663 So.2d 116 (1995)
Clayton B. CRAFT, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE CO. and Paul Clark, Defendants-Appellees.
No. 95-160.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1995.
Writ Denied December 15, 1995.
W. Mark McKee, West Monroe, for Clayton B. Craft.
James A. Bolen Jr., Stacy C. Auzenne, Alexandria, for Allstate Ins. Co., et al.
Before KNOLL and SULLIVAN, JJ., and BROUILLETTE,[*] J. Pro Tem.
KNOLL, Judge.
The issue on appeal is whether a non-owner driver of a vehicle may have a cause of action against the owner for injuries caused or enhanced by a defect in that vehicle even if the defect was not a cause-in-fact of the accident in which the injuries were incurred.
The plaintiff was allegedly injured in a single vehicular accident in a vehicle which had no seat belts because the owner removed them. We conclude that Louisiana law affords such a remedy; therefore, we find that the district court erred as a matter of law when it granted the defendants' peremptory exception of no cause of action and dismissed the plaintiff's suit with prejudice. We reverse and remand.

Facts
We glean the following alleged facts from the plaintiff's petition. On or about June 5, 1993, plaintiff, Clayton B. Craft (Craft), and William K. Clark were involved in a single vehicular accident while Craft was driving a 1987 Toyota pick-up truck, owned by William's *117 father, Paul Clark (Clark). On June 2, 1994, Craft filed a petition for damages against Clark and his automobile insurer, Allstate Insurance Company (Allstate). In his petition, Craft alleged that as a result of the accident he sustained chest and soft tissue injuries, and facial lacerations which required emergency surgical treatment. Craft alleged that his injuries were caused, caused in part, or enhanced by his inability to wear a seat belt because Clark, the owner of the vehicle, had negligently removed the vehicle's safety belts.
On July 20, 1994, after answering the plaintiff's petition, Allstate filed a peremptory exception of no cause of action. On September 8, 1994, the district court granted Allstate's exception of no cause of action and conditionally dismissed the plaintiff's suit subject to plaintiff amending his petition to state a cause of action within thirty days. In his reasons for judgment, the district court found that the plaintiff had failed to state a cause of action because the lack of a seat belt was not a cause-in-fact of the accident. After the plaintiff amended his petition, Allstate resubmitted its peremptory exception of no cause of action and the district court dismissed the plaintiff's suit with prejudice. From this dismissal, Craft perfected this devolutive appeal.

Cause of Action: Cause in Fact of Injuries
A peremptory exception of no cause of action presents a question of law, thus we review this issue de novo. City of New Orleans v. Board of Com'rs, 93-0690 (La. 7/5/94); 640 So.2d 237. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South Inc., 616 So.2d 1234 (La.1993).
No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. Code Civ.P. art. 931. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. Id.; City of New Orleans, 640 So.2d 237. Simply, if the petition alleges sufficient facts to establish a case cognizable in law, an exception of no cause of action must fail. Rebman v. Reed, 286 So.2d 341 (La.1973).
Our inquiry is restricted to the narrow question of whether Louisiana law affords Craft a remedy based upon the facts alleged in his petition for damages.[1] After reviewing Craft's petition, we find that Craft has alleged a cause or causes of action that are supported by Louisiana law arising from both theories of negligence and strict liability.
Craft alleges in his petition that his injuries were caused, caused in part, or enhanced by his inability to wear a seat belt because Clark, the owner of the vehicle, had unsafely altered his vehicle by negligently removing the vehicle's seat belts, thus making it defective. Under these alleged facts, the proper question is not whether Clark's removal of the seat belts caused the accident, but whether Clark's removal of the seat belts was one of the causes of Craft's resulting harm and damages. Under a duty-risk analysis, the inquiry should be whether Clark owes a duty to Craft not to remove the seat belts from the Toyota pick-up truck. If Clark owed this duty to Craft, was there a breach of this duty and was this breach of this duty a cause-in-fact of Craft's injuries? Was the risk of harm within the scope of protection afforded by the duty breached? See Campbell v. DOTD, 94-1052 (La.1/17/95); 648 So.2d 898. Therefore, while causation is an element that must be proven by Craft at trial, the district court erred when it stated that Craft's petition for damages did not state a cause of action because Clark's removal of the seat belts was not a cause of the accident.
The civilian process of determining the source of a delictual duty as it exists in *118 Louisiana law has been expertly described by Justice Tate in his dissenting opinion in Devore v. Hobart Mfg. Co., 367 So.2d 836 (La. 1979):
Under the civilian tradition of our state the courts have been given a broad, general principle of legislative will from which they are required to determine when the interest of society is best served by requiring one who harms another to respond in damages for the injury caused. In deciding whether the conduct in a specific case falls below that in which a person can engage without becoming responsible for resultant damage, a court must refer first to the fountainhead of responsibility, Article 2315, and next in applying the article to the many other articles in our code which deal with the responsibility of certain persons or that which arises due to certain types of activity. After searching through the code itself a jurist should refer in turn to the acts of the legislature, local governments, and other legislative and administrative bodies. Then, having explored the legislative and administrative sources of standards of proper conduct, a court should turn next to the experience of the judiciary in the interpretation and application of these standards to actual situations.
Id. at 841.
Using the Civil Code as our starting point, we find that the plaintiff has alleged a cause or causes of action that are clearly supported by Louisiana Civil Code articles 2315, 2316, 2317, 2909, and the jurisprudence interpreting the same. Aside from presenting a general negligence theory pursuant to article 2315, Craft's petition alleges a cause of action in strict liability pursuant to articles 2317 and 2909.[2]
The plaintiff alleges that Clark is the owner of a 1987 Toyota pick-up truck which Clark negligently altered when he removed the vehicle's safety belts. The plaintiff also alleges that Clark knew or should have known that removal of the vehicle's seat belts presented a foreseeable and unreasonable risk of harm, and that Clark failed to warn him about the defect. Craft further alleges that the removal of the vehicle's safety belts rendered the vehicle an unsafe and unreasonably defective thing which caused him harm. Although on the surface it appears that Craft is presenting a novel legal argument, he is, in essence, simply asserting nothing more than an often seen cause of action grounded in strict liability pursuant to article 2317. See Ross v. La Coste de Monterville, 502 So.2d 1026 (La.1987) (defective ladder); Bridgewater v. State Through Dept. of Corrections, 434 So.2d 383 (La.1983) (removal of a safety device); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) (owner of vehicle with defective brakes).
The pick-up truck in the present case is classified as a private thing and a corporeal movable. La.Civ.Code arts. 453, 461, 471, 477. Craft's petition alleges that Clark is the owner of the vehicle, a thing, which has a purported defect, and that the thing caused him harm, and that Clark knew or should have known about the defect, and should have warned Clark. Thus, Clark's petition for damages sufficiently states a cause of action pursuant to articles 2315, 2316, 2317, and 2909.
In conclusion, we believe that the district court erred as a matter of law when it dismissed the plaintiff's suit on a peremptory exception of no cause of action. We find that the plaintiff has alleged sufficient facts in his petition for damages that support a viable cause or causes of action that are grounded in both principles of strict liability and negligence. The plaintiff is, as a matter of substantial justice, entitled to have his case heard further.

*119 Decree
For the foregoing reasons, the judgment of the district court granting Allstate's peremptory exception of no cause of action and dismissing Craft's suit with prejudice is hereby reversed and set aside. Accordingly, this case is remanded to the district court for further proceedings. Costs of trial and the proceedings below to await the final outcome. Costs of this appeal are assessed to Allstate.
REVERSED AND REMANDED.
NOTES
[*] The Honorable Harold J. Brouillette participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Initially, we recognize that our inquiry is not whether Craft will eventually prevail at trial. Nor do we reach any ultimate legal conclusions concerning whether Clark is negligent or strictly liable for the plaintiff's injuries.
[2] Art. 2317. Acts of others and of things in custody

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
Art. 2909. Lender's liability for damages caused by defects of thing
When the thing lent has defects of such a nature that it may occasion injury to the person who uses it, the lender is answerable for the consequences, if he knew the defects and did not apprise the borrower of them.