706 So.2d 146 (1997)
Frank Ed GUIDRY, Claimant-Appellant,
v.
GUEYDAN COOPERATIVE DRYER, INC., Defendant-Appellee.
No. 97-874.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1997.
Order on Rehearing March 12, 1998.
*147 Bernard Francis Duhon, Abbeville, for Frank Ed Guidry.
Sammie M. Henry, Baton Rouge, for Gueydan Co-op Dryer, Inc.
Before THIBODEAUX, AMY and SULLIVAN, JJ.
*148 AMY, Judge.
Frank Ed Guidry appeals the workers' compensation judge's grant of the defendant's peremptory exception of no cause of action/no right of action. For the following reasons, we reverse.

DISCUSSION OF THE RECORD
On September 16, 1996, Frank Ed Guidry, entered into a contract with the defendant, Gueydan Cooperative Dryer, Inc., to perform welding repair work. In return for his services, Mr. Guidry was to be paid an hourly rate of $25.00.[1] Then, on October 17, 1996, several weeks into the repairs, Mr. Guidry was allegedly injured when the hoist he was using to reach the rice dryer he was repairing broke, causing him to fall four feet onto a concrete surface, injuring his back.
Mr. Guidry, claiming entitlement to medical and workers' compensation benefits, filed a disputed claim for compensation with the Office of Workers' Compensation. In response, Gueydan Cooperative Dryer, Inc. filed a peremptory exception of no cause of action/no right of action.[2] On May 6, 1997, "[a]fter hearing the testimony, reviewing the documentary evidence and apply[ing] the law thereto," the workers' compensation judge found Mr. Guidry to be an independent contractor, not engaged in manual labor or performing work that was "part of the trade, business or occupation of Gueydan Cooperative Dryer, a rice drying cooperative." In so finding, the workers' compensation judge sustained the exception of no cause of action/no right of action and dismissed Mr. Guidry's claim with prejudice.
Mr. Guidry appeals, assigning numerous assignments of error. However, we find that review of assignment number two, that "[t]he trial court was clearly wrong and made errors of law in sustaining the Exception of No Cause of Action [,]" is dispositive of this appeal. Therefore, we pretermit discussion on Mr. Guidry's remaining assignments of error.

LAW
As in the case sub judice, where there are no applicable provisions in the Louisiana Worker's Compensation Act, procedural matters are controlled by the Louisiana Code of Civil Procedure. Piper v. Dillard's Dep't Store, 621 So.2d 865 (La.App. 4 Cir.), writ denied, 627 So.2d 654 (La.1993). Article 931 of the Louisiana Code of Civil Procedure provides for instances when evidence is admissible to support or controvert a peremptory exception. While evidence is allowed in most cases, article 931 expressly prohibits the introduction of evidence when the peremptory exception under consideration is that the petition fails to state a cause of action. La.Code Civ.P. art. 931. As such, when testing the legal sufficiency of the petition to state a cause of action, a court or tribunal must look only to the face of the petition to ascertain whether there are sufficient facts alleged to establish a case cognizable in law. Craft v. Allstate Ins. Co., 95-160 (La.App. 3 Cir. 8/30/95), 663 So.2d 116, writ denied, 95-2403 (La.12/15/95), 664 So.2d 454. If sufficient facts do exist, the peremptory exception of no cause of action must fail. Rebman v. Reed, 286 So.2d 341 (La.1973). For purposes of the determination, all allegations presented in the petition are accepted as true, and any doubts are to be resolved in favor of the sufficiency of the petition. Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188.
After reviewing Mr. Guidry's disputed claim form, as amended, we find that the allegations, when accepted as true, support a cause of action for workers' compensation benefits. In the completed LDOL-WC 1008, Mr. Guidry alleged that he was an independent contract welder injured while "welding plates on the rice dryer" at Gueydan Cooperative Dryer, Inc. Subsequently, Mr. Guidry amended his petition to add that he was entitled to compensation under the "manual labor exception to the Contractor exemption [to] the Compensation act." Therefore, while Mr. Guidry's status, as a manual laborer *149 injured while carrying out contracted services that are part of the employer's trade, business, or occupation,[3] must be proven by him at a hearing on the merits, the workers' compensation judge erred when she found that the claimant's petition for compensation did not state a cause of action. Further, it was error for the workers' compensation tribunal to allow testimony on this question[4].
Accordingly, we find that the workers' compensation judge erred as a matter of law when she dismissed Mr. Guidry's claim on a peremptory exception of no cause of action. Since we find that the claimant's petition alleged sufficient facts to sustain a cause of action, "as a matter of substantial justice, [he is] entitled to have his case heard further." Craft, 95-160, p. 6, 663 So.2d at 118.

DECREE
For the foregoing reasons, the decision of the workers' compensation judge sustaining the defendant's exception of no cause of action is reversed. The matter is remanded to the Office of Workers' Compensation for further proceedings. All costs of this appeal are assessed to the defendant, Gueydan Cooperative Dryer, Inc.
REVERSED AND REMANDED.

ON REHEARING
AMY, Judge.
Frank Ed Guidry, in a petition for rehearing, noted that, in our earlier opinion, this court did not address his contention that the workers' compensation judge erred in sustaining Gueydan Cooperative Dryer, Inc.'s exception of no right of action. We do so now.
In Gorum v. Louisiana Hosp. Ass'n. Employee Benefit Trust, 95-468, pp. 3-4 (La. App. 3 Cir. 11/2/95), 664 So.2d 662, 664, this court stated:
The exception [of no right of action] is appropriate when a plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with suit in a particular case. Moyers v. Altmann, 594 So.2d 6 (La.App. 3 Cir.1992). "The main function of a peremptory exception of no right of action is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff." Id. at 8.
Therefore, in order to maintain an action in workers' compensation, Mr. Guidry must show that he falls into one of the covered classes provided for in the Louisiana Workers' Compensation Act.
The evidence is clear that Gueydan Cooperative Dryer, Inc. entered into a contract agreement with Mr. Guidry for certain welding repairs to the rice dryer. As such, it is clear that, in order for Gueydan Cooperative Dryer, Inc. to be liable to Mr. Guidry for workers' compensation benefits, Mr. Guidry, an independent contractor, must fall into the manual labor exception contained in La.R.S. 23:1021(6).
La.R.S. 23:1021(6) provides as follows:
"Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying out the terms of *150 the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.

(Emphasis added). Despite the clear language of the statute, the analysis does not stop with the determination of whether the contractor is engaged in manual labor.
The Louisiana Supreme Court, in Lushute v. Diesi, 354 So.2d 179, 182 (La.1977), held that, in order for an independent contractor to be covered under the manual labor exception, he must also show that "a substantial part of his work time is spent in manual labor in carrying out the terms of his contract with the principal and the work performed by him is a part of the principal's trade, business or occupation." (Emphasis added).
In a later pronouncement, the supreme court set forth factors to be considered in determining whether contract work is a part of a "principal's trade, business, or occupation" and stated that a court must "consider all pertinent factors under the totality of the circumstances." Kirkland v. Riverwood Intern. USA, Inc., 95-1830, p. 14 (La.9/13/96), 681 So.2d 329, 336. Examples of such factors to be considered include:
(1) The nature of the business of the alleged principal;
(2) Whether the work was specialized or non-specialized;
(3) Whether the contract work was routine, customary, ordinary or unusual;
(4) Whether the alleged principal customarily used his own employees to perform the work, or whether he contracted out all or most of such work;
(5) Whether the alleged principal had the equipment and personnel capable of performing the contract work;
(6) Whether those in similar businesses normally contract out this type of work or whether they have their own employees perform the work;
(7) Whether the direct employer of the claimant was an independent business enterprise who insured his own workers and included that cost in the contract; and
(8) Whether the principal was engaged in the contract work at the time of the incident.
Id. at pp. 14-15, 336-37. We note, however, that, in Kirkland, the interpretation of the "principal's trade, business, or occupation" was made in relation to La.R.S. 23:1061. This statute provides guidance as to when a contractor's employee, rather than a contractor himself, may recover under the principal's worker's compensation liability.[1] Although we find nothing in the La.R.S. 23:1021(6) definition of "independent contractor" to indicate that reference should be made to La.R.S. 23:1061, we are compelled to do so by the supreme court's decision in Lushute, 354 So.2d 179.[2]
*151 In application of La.R.S. 23:1021(6) to the instant matter, the workers' compensation judge concluded that Mr. Guidry was an independent contractor, but not one that was performing manual labor at the time of the accident. In oral reasons for ruling, the judge stated as follows:
The next question is whether or not the claimant was performing manual labor, in Mr. Duhon's brief, he talked about the manual labor test. And I'll recite Timberlake versus Avis Rental Car System case. He said the meaning of manual labor is what the physical element predominates over the mental. And that's primarily the general determining factor of how you would determine whether or not a business or a job undertaken by someone is manual or mental.
And I think that in this case, because of the specific testimony of Mr. Guidry, this was not manual labor. I think that there are portions of the job which were performed that could have been considered manual labor. Specifically, when Mr. Guidry testified about Breauxthe Breaux employee who was 64 years old with the impaired left armand when Mr. Lejeune testified, he said generally Mr. Breaux performed welding jobs that took ten or fifteen minutes.
Then when Mr. Guidry testified, he said that during his repair of certain portions of the rice dryer, he noticed that other welding work had been done before him, and he knew that Mr. Breaux, who had done that work, was generally patch work and that there was no one employed by Gueydan who could perform the scope of the welding work that he was hired to do.
And it was exactly because of the scope of the work that needed to be done that he was hired. Otherwise, there was somebody that could have done it, but not someone who was on the payroll of Gueydan who was used specifically for that purpose. And therefore, I believe that is why and that is what distinguishes the kind of welding that Mr. Guidry did as mental work rather than manual labor from that which was performed by Mr. Breaux.
This factual finding by the workers' compensation judge need not now be addressed because, despite whether or not Mr. Guidry was engaged in manual labor, recovery is precluded as the work performed was not part of the "principal's trade, business, or occupation." In other words, even if Mr. Guidry should have recovered pursuant to the statutory requirements of La.R.S. 23:1021(6), he does not meet, with the facts now before us, the final part of the analysis set forth in Lushute, 354 So.2d 179.
In application of the above-quoted Kirkland factors, the workers' compensation judge concluded that, based on a totality of the circumstances, Mr. Guidry did not meet the requirements to be treated as a covered employee, i.e., his contract work was not a part of the "principal's trade, business, or occupation." The judge stated as follows:
I'm going to state that in conclusion, after having considered the eight prongs for the totality of the circumstances test that the Court set out in the Kirkland matter, the Court concludes that Mr. Guidry is not a covered employee under the Act without specifically going into each one of those eight prongs. I forgot to mention that in the brief filed by the claimant in opposition to the exception of no cause or [sic] action, one of the things that they mentioned was that Mr. Guidry was assisted by one of Gueydan's employees in performing some of this work.
So in answering some of the totality of circumstances questions, specifically, I'll say number five, for example, whether the alleged principal had the equipment and personnel capable of performing the contract work, the claimant sets out on his brief, "yes," as an answer to that question because Gueydan allowed one of its employees to assist Mr. Guidry. But I don't think that's what the Supreme Court had in mind in asking that question.
I think the question is whether or not Gueydan had an individual specifically for the purpose of welding. And in this case, the answer is "no." And while Gueydan did allow someone to help Mr. Guidry perform his welding duties, this was on beneficence and gratuitous. It was not because *152 anyone was employed specifically for that purpose.
We find no error in this determination by the workers' compensation judge.
Like the workers' compensation judge, we note that Gueydan Cooperative Dryer did not have a welder on staff, but, rather, appears to have retained an employee who could perform some small welding jobs. This employee was assigned to assist Mr. Guidry when he was working at the rice dryer and, after completion of the welding task, would return to his regular duties as an operator at the rice dryer. Further, Citman Lejeune, the manager at the rice dryer, testified that Mr. Guidry would be contacted when a welding job arose. However, it appears from the testimony presented at the hearing that Mr. Guidry's services were not routinely needed, but that he only performed services for short periods beginning in 1994.
Considering the totality of the circumstances, we find no error in the workers' compensation judge's determination that the welding tasks performed by Mr. Guidry are not in the "trade, business, or occupation" of a rice dryer. Rather, the type of welding job performed is more akin to standard repair work. Therefore, we affirm the grant of the Exception of No Right of Action.

DECREE
As our original decision with regard to the Exception of No Cause of Action is correct, we do not reconsider it here. However, the Office of Workers' Compensation judgment maintaining the Exception of No Right of Action, which was not previously considered, is affirmed. Furthermore, the judgment is affirmed with regard to the dismissal of the case with prejudice. In light of this affirmation, our previous order remanding the case for further proceedings is recalled. See Guidry v. Gueydan Cooperative Dryer, Inc., 97-874 (La.App. 3 Cir. 12/10/97), 706 So.2d 146. We also recall our previous award of costs and now order all costs of the original appeal and this rehearing to be divided equally between the parties.
JUDGMENT MAINTAINING THE EXCEPTION OF NO RIGHT OF ACTION AND DISMISSING THE CASE WITH PREJUDICE AFFIRMED; PREVIOUS ORDER OF REMAND AND ASSIGNMENT OF COSTS RECALLED.
THIBODEAUX, J., dissents for the reasons cited by Justice CALOGERO in his dissent in Lushute v. Diesi, 354 So.2d 179 (La.1977).
NOTES
[1] We note that the alternative figure of $23.00 per hour also appears in the record. However, this discrepancy does not affect our result.
[2] Although the defendant titled the exception as a no cause of action/no right of action, the exception in substance was an exception of no cause of action.
[3] In Lushute v. Diesi, 354 So.2d 179, 182 (La. 1977), the Louisiana Supreme Court held that for an independent contractor to be covered under workers' compensation law, he must show that "a substantial part of his work time is spent in manual labor in carrying out the terms of his contract with the principal and the work performed by him is a part of the principal's trade, business or occupation." While Lushute is the last pronouncement by our highest court on this issue, and therefore controlling, we note the adverse commentary which addresses the position that La.R.S. 23:1021 and La.R.S. 23:1061 should not be read together. See 13 H. ALSTON JOHNSON, III, LOUISIANA CIVIL LAW TREATISE, WORKERS' COMPENSATION LAW AND PRACTICE § 78 (3d ed.1994).
[4] We note that the claimant raises this issue in his first assignment of error, that the trial court erred in allowing evidence to support the exception of no cause of action/no right of action. However, while we agree with claimant's contention, further discussion is unnecessary.
[1] The factors set forth in Kirkland, 95-1830, 681 So.2d 329 were legislatively overruled with the 1997 revisions to La.R.S. 23:1061. See Section 2 of Acts 1997, No. 315 § 1. However, these revisions, which became effective June 17, 1997, are to be applied only prospectively and, thus, Kirkland is the interpretation of La.R.S. 23:1061 applicable to the instant matter.
[2] As referenced in Footnote 3 of our original opinion in this matter, this consideration of La. R.S. 23:1061 in interpreting La.R.S. 23:1021(6) has not gone uncriticized. In 13 H. ALSTON JOHNSON, III, LOUISIANA CIVIL LAW TREATISE, WORKERS' COMPENSATION LAW AND PRACTICE § 78 at 156-57 (3d ed.1994), the author explained as follows with regard to Lushute and its progeny:

Borrowing the test for the contractor's employees under Section 1061 in a suit against the principal and applying it to the independent contractor defined in Section 1021(6) ignores the policies underlying the two sections. Moreover, as noted above, the more restrictive test that results might defeat compensation for an independent contractor in a factual situation in which it ought properly to be awarded. Once the independent contractor fits under the definition in Section 1021(6), he should be accorded compensation according to the same terms and conditions as would an actual employee of the person with whom he contracted. The question to be asked is simply whether the claimant was "performing services arising out of and incidental to his employment in the course of" the defendant's trade, business or occupation. The phraseology of Section 1061, intended to accord an additional, more restrictive compensation remedy to persons who already have such a remedy against their own employer, has no place in the resolution of that issue.
(Footnotes omitted). Despite this type of analysis, we are constrained to follow the last pronouncement from the supreme court, which, in this matter, is that found in Lushute, 354 So.2d 179.