11 SAUNDERS, Judge.
Factual and Procedural Background
On November 6, 1989, Robert Owens, an employee of Boh Bros. Construction Co., Inc. (“Boh Bros.”) was injured while working as a member of the crew on a Boh Bros, barge. Mr. Owens’ injuries were the result of a fall from a boat ramp. Following the accident, Mr. Owens sought medical treatment for pain in his left shoulder. On January 18, 1990, Mr. Owens underwent surgery at Lake Charles Memorial Hospital (“LCMH”) to repair a torn rotator cuff in his shoulder caused by his accident. The shoulder was successfully repaired; however, Mr. Owens allegedly suffered severe injuries during his hospitalization, including a ruptured disk and partial paralysis.
Mr. Owens originally filed suit in Civil District Court for the Parish of Orleans against Boh Bros, and the owner and operator of the boat ramp. On October 30, 1991, Boh Bros, initiated a medial malpractice action in the form of a third-party demand against LCMH, Anesthesia Associates, Dr. Patrick Walken and James Lan-dreneau. In its third-party demand, Boh Bros, sought complete indemnification, or, alternatively, contribution for the claims asserted by Mr. Owens against Boh Bros. Boh Bros, has since voluntarily dismissed Dr. Walken from the litigation.
On June 4, 1996, Robert and Ethel Owens and Boh Bros, executed a settlement agreement settling their claims for a total payment of $671,732.84. As part of this settlement, the original Plaintiffs were assigned Boh Bros.’ third party rights against the LCMH, Anaesthesia Associates, Inc., and Landreneau. Pursuant to the settlement agreement, the third-party claim was to be prosecuted by plaintiffs counsel in the name of Boh Bros. Boh Bros, is to receive the first $225,000.00 of any recovery, and the parties are to share in any recovery over $225,000.00. In accordance with the settlement agreement, Mr. Owens’ attorney continued to prosecute Boh Bros. thirdj¡oarty2 demands in the name of Boh Bros.
On April 30, 2001, the same morning trial was set to begin, LCMH filed several motions. Included in these motions, LCMH filed peremptory exceptions of no cause of action and no right of action. Additionally, LCMH filed a motion in li-mine to exclude testimony related to medical and/or economic loss after June 4,1996. The trial court denied the exception of no right of action, but granted the exception of no cause of action. The trial court also granted the motion in limine.
From these rulings, Boh Bros, appeals. As its first assignment of error, Boh Bros, asserts that the trial court erred in granting the Defendant’s exception of no cause of action. Furthermore, in its second assignment, Boh Bros, asserts that the trial court erred by stating that it would grant the Defendant’s motion in limine. In brief, *313 the Defendant alleges that the trial court erred in denying its exception of no right of action.
Law and Analysis
Exception of No Cause of Action
In its first assignment of error, the Plaintiff asserts that the trial judge erred in sustaining the Defendant’s peremptory exception of no cause of action. Because a peremptory exception of no cause of action presents a question of law, we review it de novo, applying the same standard as applied by the trial court. Craft v. Allstate Ins. Co., 95-160 (La.App. 3 Cir. 8/30/95); 663 So.2d 116, writ denied, 95-2403 (La.12/15/95); 664 So.2d 454. Generally, if a petition states a cause of action as to any ground or portion of a plaintiffs demand, a trial court should deny an exception of no cause of action. Ward v. Tenneco Oil Co., 564 So.2d 814 (La.App. 3 Cir.1990).
In its third-party demand, Boh Bros, alleges that Mr. Owens has sustained injuries as a result of his surgery on January 18, 1990. Because this surgery was necessitated by Mr. Owens’ November 6, 1989, accident, Boh Bros., LCMH, Anesthesia Associates and Landreneau may all be solidarily liable for these injuries.
In accordance with the settlement agreement signed by Robert and Ethel Owens and Boh Bros., Boh Bros, paid to the Owenses $671,732.84. The settlement agreement specifically states that this sum is in consideration for the release of Boh Bros, from:
“any and all damages and injuries ... arising out of, resulting from, or directly or indirectly connected with or related to the accident of November 6, 1989 and any and all acts or omissions by the Related Parties in connection therewith, consisting in part, but no limited to, any injury to the body of Robert J. Owens resulting to the brain, muscles, tendons, ligaments, nerves, and bones, and those surgical procedures or other medical treatment undertaken as a result thereof and pain and injury to the body, which occurred or may have occurred as a result of the accident of November 6, 1989.” [Emphasis added.]
The settlement agreement is clear. The agreement specifically covers all surgical procedures undertaken' as a result of the November 6, 1989, accident. Because the surgical procedure on January 18, 1990, was undertaken to repair Mr. Owens’ injured shoulder, any damages arising from the surgery are covered by the settlement agreement.
Thus, Boh Bros, has a cause of action against LCMH, Anaesthesia Associates, and Landreneau for any damages sustained by Mr. Owens resulting from the January 18, 1990, surgery to repair his shoulder. Therefore, we find that the trial court erred in granting the Defendant’s peremptory exception of no cause of action.
Motion in Limine on Damages
La.Code Civ.P. art. 1911 provides that every final judgement shall be signed by the trial judge. “For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgement until the requirement of this Article is fulfilled.” Id.
Boh Bros, assigns, as error, the trial court’s statement that it would grant LCMH’s motion in limine to exclude evidence of medical expenses and/or economic loss after June 4, 1996, the date of the settlement between the Owenses and Boh Bros. However, the record reflects that the trial court has never signed a judgement with respect to this motion in limine. Thus, this matter is not properly before this court and will not be addressed.
*314 Exception of No Right of Action
In brief to this court, the Defendant contends that the trial court erred in denying it exception of no right of action. La.Code Civ.P. art. 2133(A) states that:
An appellee shall not be obliged to answer the appeal unless he desires to have the judgement modified, revised, or reversed in part or unless he demands damages against the appellant, In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or lodging of the record whichever is later....
In this case, the Defendant has failed to answer the appeal. “An appellate brief or argument in an appellate brief does not satisfy the requirements of Article 2133.” Perkins v. Rapides Parish Police Jury, 98-1899, p. 12 (La.App. 3 Cir.); 738 So.2d 607, 613; writs denied, 99-1798 (La.10/1/99); 748 So.2d 451, 99-2117 (La.1999); 748 So.2d 455. However, La.Code Civ.P. art. 927(B) provides that an appellate court, on its own motion, may notice the failure to state a right of action. Additionally, La.Code Civ.P. art. 2164 allows an appellate court to notice this exception if justice so requires. Accordingly, we are not foreclosed from considering the exception of no right of action even though the Defendants failed to answer the appeal. Therefore, we shall address this issue.
As we have already observed, the language in the settlement agreement is clear. Under the terms of the agreement, Boh Bros, remained a real party in interest with | ¿respect to the third-party claim. Boh Bros, is to receive the first $225,000.00 of any recovery against the Defendants in the third-party claim. Additionally, the settlement agreement specifically states that the third-party claim is to be prosecuted “in the name of Boh Bros.”
Moreover, we find that Boh Bros, is a solidary obligor with the Defendants. As a solidary obligor having paid the claim, Boh Bros, has a claim that it may assert against other solidary obligors for contribution. La.Civ.Code art. 1805. Although the amount of the contribution must await judicial determination, the right to assert the claim presently exists. Accordingly, we affirm the trial court’s decision to deny the Defendant’s exception of no right of action.
Decree
Based on the foregoing reasons, we reverse the trial court’s granting of the- Defendant’s peremptory exception of no cause of action, affirm, the trial court’s denial of the peremptory exception of no right of action, and remand. All costs of appeal are assessed to the Defendants.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
GRANTED.
Motion for reconsideration granted for the limited purpose of correcting the statement on page five of the'opinion that reads as follows: ’ ”Boh Bros, is to receive the first $250.000.00 of any recovery against the Defendants in the third-party claim.“ The statement should be corrected to read: ”Boh Bros, is to receive the first $225.000.00 of any recovery against the Defendants in the third-party claim.“