LFOGG, J.
By this appeal, the plaintiffs contest a judgment of the trial court dismissing their lawsuit as to one defendant upon consideration of exceptions on prematurity and no cause of action. For the following reasons, we reverse.
On January 11, 2001, Rickie James Pel-legrin and Merrill Cunningham Pellegrin filed a Petition to Reduce Sales Price, Terminate Leases, Recover Unpaid Rentals, Recover Damages and Other Relief, naming as defendants the City of Thibo-daux, Nolan and Ethel Roger, Oak Terrace Motel, Inc., and GSE Associates, Inc. Therein, the plaintiffs alleged that, on January 13, 2000, they purchased a certain tract of land from Nolan and Ethel Roger for approximately $125,000. They purchased a second tract of land from Oak Terrace Motel on January 21, 2000 for the sum of $60,000. The plaintiffs intended to use these adjacent tracts as a site for a rifle range. Since 1972 both tracts had been leased to the City of Thibodaux for use as a waste disposal site. The City of Thibodaux operated a waste disposal facility on both tracts from 1972 through 1989. On the dates of the purchases, both tracts were under lease to the City of Thibodaux; the leases were for a ten year period to expire in 2003.
In their petition, the plaintiffs further alleged that the City of Thibodaux was required by “state environmental regulations” to properly close the facility and “apply two feet of suitable cover material over the entirety of the disposal facility.” Prior to purchasing the properties, the Pellegrins retained GSE Associates, an environmental consulting company, to conduct a Phase 1 environmental site assessment. GSE Associates documented its findings in a report entitled “The Phase 1 Report.” The Phase 1 Report noted that the City of Thibodaux landfill was previously located on the property and did not recommend any further sampling or analysis of the property.
laThe plaintiffs also asserted that, prior to purchasing the tracts, Rickie Pellegrin contacted officials at the Louisiana Department of Environmental Quality (DEQ) to inquire about the disposal site, and was advised that DEQ had approved the closure of the facility and had authorized the discontinuance of all post-closure monitoring.
The plaintiffs averred that, several months after purchasing the properties, they discovered several areas where debris and waste materials were exposed at the surface of the properties. They alleged that the City of Thibodaux had not properly maintained or closed the landfill, and had not applied the depth of cover material over the disposal facility as required by DEQ and state regulations. Allegedly, this failure has precluded development of the land as a rifle range without further remediation of the property.
*141 The plaintiffs also asserted claims for “Breach of Warranty against Redhibitory Defects.” As to those claims, they asserted that the “presence of an improperly closed and maintained disposal facility on [the properties], the release of solid waste and hazardous substances from the improperly closed and maintained disposal facility, and the contamination of the [properties] by solid waste and hazardous substances from the improperly closed and maintained disposal facility constitute red-hibitory defects, or vices, which have rendered the use of the [properties] so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defects or vices; or alternatively, diminished the usefulness or value of the [properties] so that it must be presumed that a buyer would have bought the [properties] for a lesser price had he known of the defects or vices.” The plaintiffs averred that both the Rogers and Oak Terrace Motel breached their warranties against redhibitory defects or vices, and, due to such breach, the plaintiffs are entitled to a reduction of the sales prices of the properties.
The plaintiffs also asserted, in the alternative, a claim for “Breach of Warranty of Fitness” against the Rogers and Oak Terrace Motel. By this claim, the plaintiffs ^asserted that these defendants breached their warranty that the tracts were reasonably fit for their intended use.[2] In their prayer, the plaintiffs sought reduction of the purchase price of both tracts, as well as, damages and attorney’s fees.
Nolan and Ethel Roger responded to this lawsuit by filing exceptions of prematurity and no cause of action. After hearing the exceptions, the trial court rendered judgment dismissing the plaintiffs’ claims against these defendants. The Pellegrins appeal.
The Rogers assert the suit was premature because the plaintiffs failed to provide the Rogers timely notice of the existence of the alleged redhibitory defect in the thing sold and an opportunity to repair the alleged defect before filing suit in redhibition. We disagree.
LSA-C.C. art. 2522 provides that a buyer must give the seller notice of the existence of a redhibitory defect within sufficient time to allow the seller the opportunity to make the required repairs. “A buyer who fails to give that notice suffers diminution of the warranty to the extent the seller can show that the defect could have been repaired or that the repairs would have been less burdensome, had he received timely notice.” LSA-C.C. art. 2522. Although the failure to give notice limits the remedies available to the buyer, it clearly does not prevent the filing of a lawsuit by the buyer. Therefore, the Rogers’ exception of prematurity has no merit.
We further find no merit to the Rogers’ exception of no cause of action. A peremptory exception of no cause of action presents a question of law, which we review de novo, applying the same standard as that applied by the trial court. Craft v. Allstate Ins. Co., 95-160 (La.App. 3 Cir. 8/30/95), 663 So.2d 116, writ denied, 95-2403 (La.12/15/95), 664 So.2d 454. The exception tests the legal sufficiency of the petition, and is triable on the face of the papers. City of New Orleans v. Bd. of 1 Dirs. of La. State Museum, 98-1170 (La.3/2/99), 739 So.2d 748. No evidence is admissible in support of or in opposition to the exception. Leatherman v. East Baton Rouge Parish, 275 So.2d 806 (La.App. 1 Cir.1972). To withstand the exception, the petition must set forth the material facts *142 upon which the cause of action is based. Kahn v. Jones, 95-259 (La.App. 3 Cir. 11/2/95), 664 So.2d 700. Clearly, the plaintiffs’ petition states a cause of action in redhibition.
For the foregoing reasons, the trial court erred in dismissing the plaintiffs’ claims against Nolan and Ethel Roger. Therefore, we reverse the judgment of the trial court. Costs are assessed against Nolan and Ethel Roger.
REVERSED.

. Additional claims made against the remaining defendants axe not at issue in this appeal.